Z. E. Coombes v. J. Pinckney Thomas et al.

(Case No. 3253.)

1. Married woman — Certificate of acknowledgment.— A certificate of acknowledgment of a married woman sufficiently shows her privy examination when it states that she was examined separate and apart from her husband.

2. Cases approved and followed.— Belcher v. Weaver, 46 Tex., 294; Solyer v. Romanet, 52 Tex., 567, approved

APPEAL from Dallas.   Tried in 1876 before Hon. H. Barksdale.

*John J. Good,* for appellant.

*John M. Stemmons* and *Field & Stevens,* for appellee.

(As the elaborate briefs of counsel on both sides were prepared early in 1876, since which time decisions of the supreme court on the subjects discussed have been made, it is thought proper to omit them.)

WALKER, P. J. COM. APP.— The certificate of the privy examination and acknowledgment of Mrs. Sallie Thomas, attached to the deed to Haynes, is as follows:

" STATE OF TEXAS, *County of Dallas.*

"Before me, John M. Laws, clerk of the district court of Dallas county, Texas, personally appeared J. Pinckney Thomas and Sallie Thomas, his wife, who are to me well known, and acknowledged that they signed, sealed, executed and delivered the foregoing deed for the purposes and considerations therein specified; and the said Sallie Thomas having been examined by me separate and apart from her said husband, and after having the contents and effects of the foregoing deed fully explained to her by me, she acknowledged that she signed the same of her own free will and accord, without the fear, force or persuasion of her husband, and that she wished not to retract it.   Witness," etc.

The objections urged against the admissibility of the deed as evidence against Mrs. Thomas were, first, that the certificate failed to show that she had acknowledged the deed to be her act; second, that it failed to show the delivery of the deed by Mrs. Thomas, or a declaration by the officer that said deed was delivered by her; and third, that it failed to show any privy examination of Mrs. Thomas by the officer taking her acknowledgment.

The first and second points of objection to the validity of the certificate in question which are presented by the bill of exceptions, have been conclusively determined in favor of the sufficiency of this certificate by the decisions of our supreme court.   See Belcher *v.* Weaver, 46 Tex., 294; Solyer *v.* Romanet, 52 Tex., 567.

The third ground of objection is not, we think, well taken.   The statute, it is true, contemplates that the examination to be made by the officer, and who is to receive her acknowledgment, shall be "*privily*" made.   Privily, according to Webster's Dictionary, means privately or secretly.   The examination, therefore, contemplated by article 1003, Pasch. Dig., is to be made not only apart from the

husband, but under circumstances of such privacy as will comport with the purpose sought to be obtained in securing to the wife ample opportunity for unrestricted consultation with, and advice from, the officer of the law, whose duty it is to instruct her; and to secure her, at the same time, against the influences of all persons, and especially of her husband, in determining whether she will give effect or not to the instrument of writing before her. The statute, however, does not prescribe as an essential requirement to the validity of the certificate, that it must appear upon the face of the certificate itself-that the examination was conducted by the officer in such way as to affirmatively and conclusively show that it was "*privily*" made; it does not require the circumstances of privacy attending the examination to be set forth in the certificate. If the recitals in the certificate show that the wife was examined under circumstances which reasonably and fairly implied that she was examined separate and apart from her husband, with the opportunity afforded her to enjoy the benefits contemplated by the statute, as we have above indicated, it would be presumed that the officer did his duty in regard to the mode and manner of conducting an examination, and that he had a proper regard to the time, place and circumstances contemplated by the law in respect to the privacy of the examination.

There is nothing in this certificate that negatives the idea that the examination of the wife in this case was such privy examination as is contemplated by the statute. The certificate of the officer that she was examined by him " separate and apart " from her husband, we think, was sufficient to show *prima facie* that she was " privily examined by such officer apart from her husband."

For the error in excluding the deed in question, judgment ought to be reversed and the cause remanded in the above proceedings.

REVERSED AND REMANDED.

[Opinion delivered June 13, 1882.]