63   7<br>79  103

JOHN AND CLARA D. STRINGER v. S. M. SWENSON.

(Case No. 1618.)

1. ACKNOWLEDGMENT.— See statement of case for a certificate of acknowledgment of a married woman to a deed held sufficient.
2. HOMESTEAD.— See opinion and statement of case for facts under which it was held that a portion of a town lot, separated by a fence from that part lived upon and occupied by the family for home purposes, lost its homestead character and became subject to forced sale.

APPEAL from Travis. Tried below before the Hon. John W. Robertson.

Suit by S. M. Swenson against John Stringer and Clara D. Stringer, his wife, and S. J. Swenson, trustee. On March 5, 1877, John Stringer borrowed from S. M. Swenson $4,000, and delivered to him his note for that sum with interest at ten per cent. per annum. The note was payable in instalments, the last instalment falling due on March 5, 1882.

To secure the payment of that note, Stringer and wife gave to S. J. Swenson, trustee, a deed of trust upon a piece of ground in the city of Austin (with the improvements thereon) described as forty-six by one hundred and thirty-eight feet off the north side of the northeast quarter of out-lot 35, division E, of the city of Austin.

The sum of $2,000 was paid, together with the interest due up to the date of the payment.

This suit was brought for the unpaid balance and for the fore-closure of the mortgage or deed of trust.

On May 10, 1883, defendant Clara D. filed her answer consisting of nine special exceptions to the petition and exhibits (the note and deed of trust).

Also a general denial, and a denial of her having received any part of the money sued for.

She claimed the property as a part of her homestead, and denied that she ever waived or abandoned her homestead rights in it.

She averred that she did not understand the deed when she signed it, or suspect that she was relinquishing a part of her homestead; that the deed was not explained to her, and charged that her signature thereto was obtained by a fraudulent combination between her husband and the plaintiff.

(The husband adopted the answer of the wife.)

The cause was tried by the court without a jury. Judgment was rendered against John Stringer for the amount due, $2,358, and against Stringer and wife for the foreclosure of the lien.

The certificate of acknowledgment to the trust deed was as follows:

" THE STATE OF TEXAS, }
    County of Travis. }

" Before me, P. DeCordova, a notary public of Travis county, personally appeared John Stringer and Clara D. Stringer, who reside at Austin, in Travis county, and who are to me well known, and acknowledged that they signed, executed and delivered the foregoing instrument of writing for the purposes and consideration therein

specified.   And the said Clara D., wife of John Stringer, being by me examined separately and apart from her said husband, and this instrument of writing being fully explained to her, declared she signed and executed same of her own free will and accord for all its uses and purposes, and that she did not wish to retract it.   To certify which I hereunto sign my name and affix my seal of office this 5th day of March, A. D. 1877.

[SEAL.]                                    " P. DeCordova,
                           " Notary Public Travis County, Texas."

The deed of trust contained the following words:

"Know all men by these presents: That we, John Stringer and his wife, Clara D. Stringer, of the city of Austin, represent that a tract of 46x138 feet. off the north side of the northeast quarter of lot 35, division E, of out-lots to the city of Austin, is free from incumbrances of every nature whatever, and that our homestead is limited to the remainder of said northeast quarter of lot 35, and has been so designated and limited for several years, and that the said 46x138 off the north side of said northeast quarter of said lot 35 is no part of our said homestead, nor used as such at any time since the adoption of the present constitution.   Our homestead, so occupied and designated, being of the value of over six thousand dollars."

The deed of trust executed by Stringer and wife to W. A. Blackburn upon the same property and some other lands, made on August 28, 1875, contained the following clause:

" And" we " do by these presents, waive, relinquish and abandon all rights or claim or advantage of homestead in and to the above described tracts of land, or any part thereof."

This last named deed was recorded in Travis county, August 28, 1875.

The court found the facts established by the evidence as follows:

1. That the defendant John Stringer is indebted to the plaintiff on the note sued on, principal and interest, after deducting all payments, in the sum of $2,358.

2. That the consideration of said note was $4,000, money loaned by plaintiff to said John Stringer at the time of its execution.

3. That said defendants, John Stringer and Clara D. Stringer, his wife, executed the deed of trust set forth in plaintiff's petition on 46x138 feet off the north side of the northeast quarter of out-lot No. 35, division E, of the city of Austin, to the defendant S. J. Swenson, as trustee, for the purpose of securing plaintiff in the payment of said note.

4. That the loan of the money and the execution and delivery of the note and deed of trust all occurred at the same time, on March 5, 1877.

5. That the plaintiff loaned said money to defendant and took said security on the good faith of the following representation in said deed of trust: "We, John Stringer and his wife, Clara D. Stringer, of the city of Austin, represent that a tract of 46x138 feet off the north side of the northeast quarter of lot 35, division E, of the out-lots to the city of Austin, is free from incumbrances of every nature whatever, and that our homestead is limited to the remainder of said northeast quarter of lot 35, and has been so designated and limited for several years, and that the said 46x138 feet off the north side of said northeast quarter of said lot 35 is no part of our said homestead, nor used as such at any time since the adoption of the present constitution, our said homestead so occupied and designated being of the value of over six thousand dollars." And also upon like representations made by said John Stringer at and before the said transaction.

6. That the said Clara D. Stringer made no representations other than is contained in the said deed of trust.

7. That neither said plaintiff nor his agent, the said S. J. Swenson, ever saw or had any conversation with said Clara D. Stringer in reference to said transaction, the whole matter having been conducted by said John Stringer in behalf of defendants.

8. That there was no fraud, duress or coercion practiced upon said defendants, Stringer and wife, or either of them, by said plaintiff or his agent, and said plaintiff and his agent did not participate in and had no knowledge of any fraud, duress or coercion, or other undue influence, upon the said Clara D. Stringer, to induce her to sign and acknowledge said deed of trust.

9. That the execution and acknowledgment of said deed of trust by said Clara D. Stringer was her voluntary act, and without fraud or undue influence.

10. That said northeast quarter of said lot 35, division E, was acquired by said Stringer and wife as community property about the year 1869, and that the same was intended and dedicated as a homestead.

11. That at some time subsequent to their purchase of the same, and prior to 1875, the said northeast quarter was divided into three parts or divisions by partition fences running east and west through the same, the forty-six by one hundred and thirty-eight feet in controversy being separated from the remainder by one of these parti-

tion fences.   Defendants erected upon said subdivision of forty-six by one hundred and thirty-eight feet in question a two-story stone house, to be used as a store house for the sale of merchandise.   The middle subdivision was devoted to a flower garden.   The remaining or subdivision on the south of said quarter was occupied by a dwelling-house with five rooms, servants' house, stables, etc.   There is a cistern connected with the dwelling-house, and also a cistern in the store.   A part of the forty-six by one hundred and thirty-eight feet in controversy is also used for flowers.   A passage way or alley is cut off the west end of said quarter lot, about twenty feet in width, leading from the street on the north to the stables on the southeast corner of said quarter block.   There is also an alley running east and west, immediately south of said quarter lot, and separating it from the remainder of the lot.   These improvements, subdivisions and fences have thus existed since the year 1875.

12.   The said Stringer, with his wife and family, first occupied said property in 1873, and lived in the second story of the store house on the part in controversy from that date until the spring of 1875.   The dwelling-house was at the time rented out.   In the spring of 1875 the family moved into the dwelling-house.   From the year 1875 to 1880 inclusive the store house was rented out to various tenants, and was occupied by them for mercantile purposes, except during part of the year 1876, when the same was vacant. During a part of the year 1876 the defendant's son, John Stringer, Jr., an unmarried man now thirty-eight years of age, but then living in the family, occupied a room in the store house as a sleeping apartment.   In 1877 the defendants rented out all of said property and removed to the Avenue Hotel, in the city of Austin.   They returned in 1882.   When the family has been living on the premises, rooms in the store house have been used when required for sleeping apartments for members of the family and guests.   The family has also used the cistern in the store house for domestic purposes.

13.   That on August 28, 1875, said John Stringer and his wife, Clara D. Stringer, made a deed of trust on this same forty-six by one hundred and thirty-eight feet of said quarter lot to W. A. Blackburn, as trustee, to secure a loan from one Wm. Nelson, and in this deed of trust the property in question is declared to be no part of the homestead.   This declaration was immediately placed upon record.

14.   That, by these several acts, the defendants segregated the forty-six by one hundred and thirty-eight feet in controversy from the homestead, and abandoned the same as a part of the homestead, in good faith, and with intent to restrict the homestead to the re-

mainder of said quarter lot, before the date of the deed of trust in controversy in this case.

15. That the forty-six by one hundred and thirty-eight feet in controversy did not form a part of the homestead on March 5, 1877.

15½. The entire northeast quarter was not worth exceeding $3,500, exclusive of improvements, on March 5, 1877.

16. That M. M. Hornsby, sheriff of Travis county, as substitute trustee, on the first Tuesday in January, 1883, at the request of plaintiff and after due advertisement, sold said property under said deed of trust, at public auction. That one Schultz bid the same off at a sum greater than was due on the note sued on, but, learning that defendants claimed same as a part of the homestead, no money was paid and no deed made under said sale.

17. That the remaining portion of said quarter lot, exclusive of the forty-six by one hundred and thirty-eight feet in question, contains grounds, dwelling-house, outhouses, and other appurtenances constituting a home for the defendants' family, and that the property in question is not necessary to the use and enjoyment of the homestead as limited and restricted.

The court found the following conclusions of law:

1. That said Clara D. Stringer is estopped from impeaching her execution and acknowledgment of said deed of trust.

2. That the forty-six by one hundred and thirty-eight feet of ground is segregated from the homestead and constitutes no part of the homestead.

3. That plaintiff is entitled to the foreclosure of his lien as prayed for.

And the court orders a decree:

*First.* Against John Stringer for the amount due on said note.

*Second.* Against John and Clara D. Stringer for foreclosure of lien on said forty-six by one hundred and thirty-eight feet of said lot, with order of sale. Proceeds of sale to be applied to extinguishment of lien, and remainder to be paid to the defendants Stringer and wife.

*Third.* Divesting all title out of S. J. Swenson.

*Chandler & Carrington*, for appellants.

*Maxey & Fisher*, for appellee.

DELANY, J. COM. APP.— Many of the assignments of error are so vague that we will not consider them.

There is no merit in the exceptions of the defendants to the plaintiff's petition.

It was matter of no consequence whether Mrs. Stringer signed the note or not, or whether she was personally bound for the debt.

No personal judgment was asked against her; and she was made a party to the suit only because she claimed an interest in the property upon which the plaintiff was endeavoring to enforce a lien.

Nor is there any merit in her objections to the certificate of the notary who took her acknowledgment to the deed of trust.

In the case of Coombes v. Thomas, 57 Tex., 321, a certificate almost exactly like the one now before us was held sufficient.

The court below finds that there was no fraud or undue influence practiced upon Mrs. Stringer to procure her signature to the deed.

If there was anything of the sort, there is not the slightest evidence that either the plaintiff or his agent was aware of the fact. Pierce v. Fort, 60 Tex., 464; Davis v. Kennedy, 58 Tex., 517, and cases cited.

The only important question in the case is this: Was the property, at the date of the deed of trust (March 5, 1877), a part of the homestead of Stringer and his wife, or was it used by them as such? If it was a part of the homestead, then it would seem that the deed was not binding on the defendants, notwithstanding the declaration contained in the deed that the property was not a part of the homestead. Medlenka v. Downing, 59 Tex., 32.

At that time the property was entirely separated by a fence from the other part of the lot. It was rented out, and the circumstances seem to show that the intention of the defendants was to rent it permanently.

Besides, in 1875, the defendants had executed to other parties a deed of trust upon this same property, in which they declared that they had abandoned their homestead rights in it. This deed was immediately recorded in Travis county.

Under these circumstances, our opinion is that Stringer and wife cannot be heard to claim that the property is exempt. Ruhl v. Kauffman & Runge, decided at the present term.

The judgment should be affirmed.

AFFIRMED.

[Opinion adopted December 16, 1884.]