ERNEST ALBRECHT and others *vs.* SETH W. LONG and others.

August 4, 1880.

**Sheriff and Deputy — Agreement as to Service of Process.**—An arrangement between a sheriff and his deputy that the latter shall not serve process issuing from the district court, but that the same shall be served only by the sheriff personally, is of no effect so far as the public are concerned.

**Priority of Execution Liens— Representations of Attorney for Creditor.**—Several executions against the same defendants were placed in the hands of the sheriff personally. Subsequently, another execution in favor of other creditors, but against the same defendants, was placed in the hands of his deputy, who levied it before the other executions were levied. *Held,* that false representations by the attorney for the plaintiffs in the execution delivered to the deputy, made to him to induce him, and by which he was induced, to receive the execution and levy it at once, do not, of themselves alone, tend to make out fraud that will defeat the right gained by the prior levy of that execution.

Appeal by defendants from an order of the district court for Waseca county, *Cox,* J., presiding, (acting for the judge of the fifth district,) refusing a new trial. A former appeal is reported, 25 Minn. 163.

*B. S. Lewis,* for appellants.

*Lewis Brownell,* for respondents.

GILFILLAN, C. J.  The charge of the court in the trial below was certainly open to criticism; but if the jury found the only verdict which, upon the evidence, they could properly find, any errors in the charge were harmless.  The case grows out of a race of diligence between creditors, to collect their claims against failing debtors.  Long was sheriff of Waseca county.  Stephenson was one of his deputies.  An execution

in favor of one firm of creditors was placed in the hands of Long, for service, at ten and a half o'clock P. M. of March 19, 1877, and at two o'clock A. M. of the 20th, two other executions in favor of different creditors were placed in his hands for service.   At six o'clock A. M. of the 20th, plaintiffs' execution was placed in the hands of Stephenson.   All the executions were against the same debtors, and all issued from the district court.   Stephenson levied plaintiffs' execution immediately upon its receipt by him, and soon afterwards Long levied those in his hands on the same property, whereupon Stephenson delivered plaintiffs' execution to Long.   The sheriff sold the property levied on, applied the proceeds upon the executions in the order in which they were delivered, and, there not being enough to satisfy the first three, he returned plaintiffs' wholly unsatisfied.

As decided by this court in this case when here before, (25 Minn. 163,) the priority of levy upon plaintiffs' execution gave them the prior right to satisfaction out of the property.   To avoid this, the defendants allege, or attempt to allege, that the prior levy of plaintiffs' execution was procured through fraud and false statements on the part of the attorney for plaintiffs.   There is no evidence tending to show any effort or any statement by the attorney to prevent or delay the sheriff in executing the three executions placed in his hands, nor that the sheriff did, by reason of anything done or said by the attorney, delay for a moment the levy of those executions.   All that can be claimed for the evidence is that it tends to show that plaintiffs' attorney, by false statements made to the deputy, induced him to receive plaintiffs' execution, and to levy it with greater promptness than he would otherwise have used.

There was evidence of a previous arrangement between the sheriff and deputy to the effect that the latter should not serve any process issuing from the district court; that all such process should be served by the sheriff in person.   Defendants claim that, had this arrangement been acted on, plaintiffs'

execution would have come into the hands of the sheriff, personally, before service, and that he would have served the executions in their proper order; that the deputy was induced, by the attorney's false representations, to disregard the arrangement, and to receive, and at once, without consulting the sheriff, to levy plaintiffs' execution. Such an arrangement, even if it might bind the sheriff and deputy, could be of no effect as to third persons. A deputy sheriff, it is true, is an officer of the sheriff, appointed and removable by him, civilly responsible to him, and acting only in his name. But the deputy's powers and duties, so far as the public are concerned, are fixed by law, and cannot be varied by any agreement between him and the sheriff. Those powers and duties are vested in and imposed on him, not for the convenience of the sheriff, but of the public. Notwithstanding the arrangement, therefore, it was the duty of the deputy to receive the execution, and with all reasonable diligence to execute it. That the deputy was, by false statements, induced to do his duty in receiving the execution, and to perform his duty to levy it at once, without delay, is not in law a fraud. Deceit, not followed by what the law recognizes as a wrong, is not fraud.

The evidence did not tend to prove a fraud, and the jury were bound to find as they did. That there were errors in the charge is immaterial.

Judgment affirmed.