JONES et al. v. MacCORQUODALE.
(No. 7793.)

(Court of Civil Appeals of Texas. Galveston. Dec. 4, 1919. Rehearing Denied Jan. 8, 1920.)

1. MINES AND MINERALS ⟜6—APPLICATIONS FOR OIL AND MINERAL PERMITS ENTITLED TO BE FILED SIMULTANEOUSLY.

Where at the time notice of forfeiture of an oil and mineral lease under Acts 35th Leg. (1917) c. 83,[1] had time to reach the county clerk's office and did reach such office, a number of applicants for permits to prospect were waiting at the filing window, having deposited their applications on the counter, and a number of other applications were received in the same mail as the notice, all were entitled to be filed simultaneously.

2. MINES AND MINERALS ⟜6 — FAILURE TO FORMALLY ASK FILING OF APPLICATION FOR MINERAL PERMIT DID NOT ENTITLE ANOTHER APPLICANT TO PRIORITY.

That persons presenting for filing in the county clerk's office applications for oil and mineral permits deposited them on the counter, without formally accosting or requesting the deputy to file them, until after another applicant had made such request, entitled him to no priority, as under Vernon's Sayles' Ann. Civ. St. 1914, art. 6791, an instrument is filed when deposited for that purpose in the county clerk's office.

3. RECORDS ⟜4 — INSTRUMENT ENTITLED TO RECORD BY WHATEVER METHOD IT REACHES COUNTY CLERK'S OFFICE.

An instrument is entitled to record upon its arrival or deposit in the county clerk's office, whether sent by· mail or messenger, or handed to the clerk elsewhere and carried there by him.

4. COUNTIES ⟜82 — DEPUTY COUNTY CLERKS NOT LIMITED IN AUTHORITY BY DIVISION OF OFFICE INTO DEPARTMENTS.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1748, 1749, giving deputy county clerks the full powers of their chief, the division of the clerk's office into departments, with a deputy over each in charge of particular business, does not limit the authority of any deputy, or prevent him from performing all such official acts as the clerk might perform.

5. MINES AND MINERALS ⟜6—SEPARATE APPLICATIONS FOR PERMITS TO PROSPECT MAY BE FILED SIMULTANEOUSLY.

Separate applications for oil and mineral permits for state lands may be filed simultaneously.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

---

Suit by E. D. MacCorquodale against George Jones and others. From a decree for plaintiff, defendants appeal. Reversed and rendered.

R. M. Love, C. C. Crocker, and Atkinson & Atkinson, all of Houston, for appellants.

Homer Stephenson and Elbert Roberts, both of Houston, for appellee.

GRAVES, J. This cause, and companion ones, Nos. 7794 (Jones v. Maes, 218 S. W. 62) and 7795 (Jones v. MacCorquodale, 218 S. W. 62), in this court, involve a contest as to which side of the opposing litigants first filed with the county clerk of Harris county, Tex., applications to prospect for oil and other minerals under some submerged lands in San Jacinto Bay belonging to the state. The permits were sought pursuant to an act passed by the Legislature in 1917, Acts of the 35th Legislature, regular session, chapter 83, page 158; theretofore permits upon these same lands had been granted to other persons, but under section 19 of the act (Vernon's Ann. Civ. St. Supp. 1918, § 5904s) the commissioner of the general land office had authority, in specified circumstances, to declare outstanding leases forfeited, and (to quote from the act itself what was then further required of him):

"When forfeiture has been declared, a notice of that fact shall be mailed to the proper county clerk and the area shall be subject to the application of another than the forfeiting owner when the notice has had time to reach the county clerk through due course of mail."

Following advance advice to that effect, on April 20, 1918, the commissioner exercised this authority by canceling the then existing leases on the lands, and on the same day mailed a notice of that action to the county clerk of Harris county at Houston.

Knowing of these proceedings, the parties to the present controversy, in their efforts to get new permits, were thereupon put upon the anxious seat, first, as to just when this notice of cancellation would—under the quoted terms of the law prescribing it—become the basis of authority in the county clerk of Harris county to accept and file new applications for mineral permits; and, second, as to which of them could first get to and invoke of him that official action. Omitting unnecessary details, the undisputed facts here shown were these:

The land commissioner's notice of cancellation had time in due course of mail to reach the county clerk's office at Houston at 7:30 o'clock a. m., April 22, 1918. It was found in a room on the second floor of the Harris county courthouse, which was the part of the clerk's office where all mail addressed to that official is delivered and was opened at 7:50 o'clock upon the same morning by one of his deputies, who noted that time upon it. Simultaneously and by the same mail there were also received in this upstairs room of the clerk's office the applications for oil permits of appellants L. A. Adamson, E. P. Edwards, and R. Bradbury, as well as that of another of the original parties to this suit, who does not seem to be a party on appeal. Thomas M. Maes, acting for himself and as agent for appellee MacCorquodale, was present in this upstairs department of the clerk's office at the time the land commissioner's cancellation notice and the three applications for new permits just mentioned were so received there. Accordingly, having seen the deputy clerk in charge of that department, Mr. Lane, receive and note the time upon the letter of cancellation, Mr. Maes went directly down stairs into the filing department, but not at the filing counter, informed the deputy in charge of that department, Mr. Witt, of the receipt upstairs of the cancellation letter, and presented to him the application of appellee MacCorquodale for permits, with request that he file it. About one minute later Deputy Lane brought the notice of cancellation down stairs to the filing department and turned it over to Deputy Witt there.

While these happenings were occurring on the second floor, and back and forth between the two departments of the clerk's office located there and below, respectively, this train of events was being concurrently enacted in the downstairs department:

Appellant R. M. Love and others had their applications at the front window of the filing department ready for filing at 7:30 o'clock that morning, right after Mr. Witt opened the door, which was some 15 or 20 minutes before Mr. Maes offered his for filing, and they at that time deposited their applications on the desk inside this window and left them there for filing. It seems, however, that they did not formally ask Mr. Witt before the cancellation notice came down from upstairs to actually file them, as Mr. Maes did do with reference to that of the appellee.

Following the receipt of these applications in the manner stated from all the parties, both up stairs and down, the clerk indorsed them all as having been filed at the same time, that is 7:50 o'clock a. m., April 22, 1918. Subsequently, on their reaching him at Austin in due course of procedure, the land commissioner, pursuant to agreement among the applicants other than appellee, MacCorquodale, to so accept it, on June 22, 1918, issued upon these applications a joint permit in the name of R. M. Love for the use of himself and all the others, except the appellee, Miss E. D. MacCorquodale, who had unsuccessfully demanded of the commissioner a separate and exclusive one for herself. She thereupon brought this suit in the court below, seeking to establish the priority of her own filing,

(218 S.W.)

and, pending final determination of the matter, to prevent by injunction any action being taken in furtherance of the permit so accorded to R. M. Love.

Upon the facts stated, after first finding that the lands became subject to new filings on and after 7:30 o'clock a. m., April 22, 1918, the trial court held the appellee's application entitled to prior filing over those presented by any of the appellants, that there could be no simultaneous filing of separate applications, which rendered those received at the same time through the mails from three of the appellants void, and entered judgment accordingly, at the same time decreeing a cancellation of the Love permit and permanently enjoining its sale or transfer.

[1, 2] We think the court erred. If the notice of cancellation from the land commissioner had time to reach the county clerk's office at 7:30 on the morning of April 22d, and the lands thereupon at the same moment became subject to filings, as was found from the undisputed evidence, no valid reason occurs as to why the several applications of different ones of the appellants were not simultaneously entitled to be filed at that same time in both the upper and lower departments of the clerk's office. By like findings from unquestioned proof the court determined that the three mailed ones reached the upstairs deputy at precisely 7:30 o'clock, along with the cancellation notice, and that at the same moment Mr. Love and associates were personally present with theirs at the filing window downstairs, waiting until the notice should be received there. A further fact, not stated by the trial court, but which—as is hereinbefore recited—was equally undisputed, is that these proponents actually deposited their offerings on the counter inside the filing window at 7:30, and left them there for filing whenever the cancellation notice should be so received as to make that process available to them. The mere fact that they did not then also formally accost or request Mr. Witt to file them, nor until at least a half minute later than Mr. Maes did that as to his, would in our opinion make no material difference, since it is uniformly held that an instrument is considered "filed," within the meaning of our registration laws when deposited for that purpose in the county clerk's office, together with the proper recording fees. Vernon's Sayles' Statutes, art. 6791; Holman v. Chevaillier, 14 Tex. 337; Throckmorton v. Price, 28 Tex. 605, 91 Am. Dec. 334; Belbaze v. Ratto, 69 Tex. 636, 7 S. W. 501; Guffey Petroleum Co. v. Hooks, 47 Tex. Civ. App. 560, 106 S. W. 690; Carlisle v. King, 122 S. W. 581; American Exchange Bank v. Colonial Trust Co., 186 S. W. 361; Devlin on Deeds, § 679.

But if there be any doubt about the priority of those thus presented below, or of their being entitled to a filing as of 7:30, arising out of the fact that the deputy in charge there was not then asked to file them, it could not attach to the ones from the mail upstairs, and appellants would still have a right to the 7:30 filing upon the strength of those. In a word, we think the fateful moment for all parties was fixed at 7:30 by the circumstances that the cancellation notice had not only had time in due course of mail to, but did in fact, reach the county clerk's office at that time, and that the filings of appellants in both departments attached at the same moment.

[3] So far as we are aware, there is no particular method of getting an instrument into the clerk's office for the purpose of filing required. If it is deposited there with that objective by mail, by messenger, or is even handed to the clerk elsewhere, and afterwards carried there by him, it becomes entitled to record upon its arrival or deposit in his office. It is thought the authorities already cited so hold.

[4] Neither would the division of the clerk's office into different departments, with a deputy over each in charge of particular business, have the effect of limiting the authority of any regularly appointed one of them, or of preventing him from performing all such official acts as might be lawfully done by the clerk himself in person, because the statutes creating their offices expressly confer upon them the full powers of their chief. Articles 1748 and 1749, Vernon's Sayles' Statutes. See, also, Thompson v. Johnson, 84 Tex. 548, 19 S. W. 784; Frizzell v. Johnson, 30 Tex. 31; Cook v. Knott, 28 Tex. 85; Harrison v. Harwood, 31 Tex. 650.

[5] Nor can we agree that separate mineral filings such as those here involved may not be filed simultaneously. While cited to no authority directly so holding, the analogy in that respect between such instruments and ordinary mortgages seems to us close, and in references to the latter such filings have generally been upheld as valid. Koevenig v. Schmitz, 71 Iowa, 175, 32 N. W. 320; Stanbrough v. Daniels, 77 Iowa, 566, 42 N. W. 445; Schaeppi v. Glade, 195 Ill. 62, 62 N. E. 874; Jones on Mortgages, §§ 534 and 607a.

It is not deemed essential that the discussion be further extended. The facts having been fully developed, the judgment of the court below is reversed, and judgment will be here entered in favor of the appellants.

Reversed and rendered.