JONES et al. v. MacCORQUODALE.
(No. 7795.)

(Court of Civil Appeals of Texas. Galveston.
Dec. 4, 1919. Rehearing Denied
Jan. 8, 1920.)

Appeal from District Court, Harris County;
Wm. Masterson, Judge.

Suit by E. D. MacCorquodale against George
Jones and others. Judgment for plaintiff, and
defendants appeal. Reversed and rendered.

R. M. Love, C. C. Crocker, and Atkinson &
Atkinson, all of Houston, for appellants.
Homer Stephenson and Elbert Roberts, both
of Houston, for appellee.

GRAVES, J. This is a companion cause
to No. 7793, George Jones et al. v. E. D. Mac-
Corquodale, 218 S. W. 59, this day decided
by this court, and involves identically the same
issues. Upon the authority of that case, and
for the same reasons, the judgment of the trial
court in this one, also, is likewise reversed, and
judgment is here rendered in favor of the ap-
pellants.
Reversed and rendered.

_____

JONES et al. v. MAES.    (No. 7794.)

(Court of Civil Appeals of Texas. Galveston.
Dec. 4, 1919. Rehearing Denied
Jan. 8, 1920.)

Appeal from District Court, Harris County;
Wm. Masterson, Judge.

Suit by Thomas M. Maes against George
Jones and others. Judgment for plaintiff, and
defendants appeal. Reversed and rendered.

R. M. Love, C. C. Crocker, and Atkinson &
Atkinson, all of Houston, for appellants.
Homer Stephenson and Elbert Roberts, both
of Houston, for appellee.

GRAVES, J. This is a companion cause to
No. 7793, George Jones et al. v. E. D. Mac-
Corquodale, 218 S. W. 59, this day decided by
this court, and involves identically the same is-
sues. Upon the authority of that case, and for
the same reasons, the judgment of the trial
court in this one, also, is likewise reversed, and
judgment is here rendered in favor of the ap-
pellants.
Reversed and rendered.

_____

MASTERSON IRR. CO. v. OWEN et al.
(No. 7792.)

(Court of Civil Appeals of Texas. Galveston.
Dec. 10, 1919.)

DEEDS ⬅118—EVIDENCE SHOWING MISTAKE
IN NUMBERING OF LOT CONVEYED.

In suit for title and possession of lot 4 of a
subdivision, the southeast quarter, evidence *held*

to sustain the finding of the trial court that a
deed from the first to the second of plaintiff's
remote grantors conveyed the southwest quarter
of the subdivision, or lot 3, though it stated
that it conveyed lot 4, a mistake recognized by
another party in plaintiff's chain of title by the
recitals he made in a subsequent power of attor-
ney.

Appeal from District Court, Brazoria Coun-
ty; Sam'l J. Styles, Judge.

Suit by the Masterson Irrigation Company
against John A. Owen and others. From
judgment for defendants, plaintiff appeals.
Affirmed.

J. E. Winfree, of Houston, for appellant.
Munson & Williams, of Angleton, for appel-
lees.

LANE, J. This suit was brought by appel-
lant, Masterson Irrigation Company, against
John A. Owen, Jacob Ford, Frank Miller,
H. V. Young, and George Miller for title and
possession of lot 4 of the J. C. Tolman subdi-
vision of section 34 of the H. T. & B. Railroad
survey in Brazoria county, Tex., containing
160 acres of land. The suit, however, was
dismissed as to John A. Owen and Jacob
Ford; it having been shown that Owen and
Ford had conveyed any interest they had to
the land in controversy to Frank Miller, H. V.
Young, and George Miller; therefore neither
Owen nor Ford will be further mentioned as
parties to the suit.

Plaintiff's petition is in the usual form of
petitions in suits of trespass to try title. It
is alleged therein that plaintiff is the owner
in fee simple of lot 4 of the J. C. Tolman sub-
division of section 34 of the H. T. & B. Rail-
road survey; that it acquired the title
through a regular chain emanating from John
B. Summerfelt, the common source under
whom both plaintiff and defendants claim
title; that on the 23d day of February, 1910,
the title to the land in controversy was vested
in J. B. Summerfelt, and that on said date
J. B. Summerfelt sold and conveyed the same
to F. E. Pye Realty Company; that on the
24th day of February, 1910, F. E. Pye Realty
Company conveyed the same to Herman
Wendhausen; and that on the 6th day of
September, 1916, Wendhausen and Meek and
Highsmith conveyed the same land to plain-
tiff.

The defendants Frank Miller, H. V. Young,
and George Miller answered by general de-
murrer, general denial, a plea of not guilty, and
and specially denied that Summerfelt con-
veyed the land in controversy, to wit, lot 4
of the Tolman subdivision of section 34 of
the H. T. & B. Railroad survey, to F. E. Pye
Realty Company, or that F. E. Pye Realty
Company conveyed the same to Wendhausen,
and alleged that the land conveyed by Sum-
merfelt to Pye Realty Company and by Pye