The CIVIL SERVICE COMMISSION OF the CITY OF LUFKIN, Appellant,

v.

Carroll CRAGER, Appellee.

No. 6728.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 15, 1964.

Rehearing Denied Nov. 10, 1964.

William Drew Perkins, Lufkin, for appellant.

Billy Lee Thompson, Lufkin, for appellee.

PARKER, Justice.

Carroll Crager sued the Civil Service Commission of the City of Lufkin seeking reinstatement as a member of that City's police force. Both plaintiff and defendant filed motions for summary judgment. The parties will be designated as they were in the trial court. The District Court of Angelina County granted plaintiff's and denied defendant's motion for summary judgment.

■■■ The City of Lufkin adopted Art. 1269m, Vernon's Ann.Civ.St., the Civil Service Act for Firemen and Policemen. On September 25, 1963, plaintiff was discharged from the police department of the City of Lufkin. On that day at approximately 8:20 a. m., Aycock, Chief of Police of the City of Lufkin, delivered the following letter to Mr. Lynn Durham, the Director of the Civil Service for the City of Lufkin, notifying Mr. Durham of the dismissal of plaintiff from the police force:

"Dear Mr. Durham:

"Be advised that effective this date Sergeant Carroll Crager has been dismissed from the services of the Police Department. Sergeant Crager stands charged with the violation of absenting himself from duty without proper reason or authority, Neglect of duty, and willfully disobeying departmental procedures. This being in violation of Police Duty Manuel rules number 29, which is more fully explained in the officer's personnel file.

"Sergeant Crager has been supplied with a copy of this directive and advised of his rights of appeal under civil service law.

"Yours truly,

"Henry W. Aycock
"Chief of Police"

The original of this letter not being available, defendant's attorney agreed with plaintiff's attorney that such carbon copy was a true and correct copy of the original. Lynn Durham said in his affidavit attached to defendant's motion for summary judgment:

"* * * On September 25, 1963, at approximately 8:20 o'clock A.M., Henry W. Aycock, Chief of Police of the City of Lufkin, Texas, delivered to me a letter and, at the same time, verbally informed me that Sergeant Carroll Crager had been dismissed as a member of the Police Department of the City of Lufkin, Texas, and that the letter contained his reasons for dismissing him. I took the letter and stamped it with a rubber stamp, with which all material received in the Civil Service office are stamped. At that time I had not filed it and, while stamping it, I gave it a cursory reading and questions arose in my mind as to whether or not it was adequate for the purposes for which it was intended. I decided not to file it and, instead, contacted Chief Aycock who came to my office immediately. We discussed it a few minutes. He took the letter from me and left.

"On September 25, at 8:45 A.M. Chief Aycock delivered to me another letter, which I read, and which I, as Civil Service Director of the City of Lufkin, Texas, filed in the proper file in my office in the City Hall of the City

of Lufkin, Texas. A true and correct copy of such letter is attached to this affidavit, marked 'Exhibit A', and made a part hereof for any and all purposes. The original copy of that letter is presently in my office in the Civil Service file designated as *'Carroll Crager'*.

"In compliance with such letter, a copy of which is attached hereto and marked 'Exhibit A', Carroll Crager's compensation as a member of the Police Department of the City of Lufkin, Texas, ceased as of 6:00 o'clock A.M., September 25, 1963."

This second letter delivered to Mr. Durham by Aycock on the same day at 8:45 a. m. is as follows:

"Dear Mr. Durham:

"Be advised that Sergeant Carroll Crager is dismissed from the service effective this date.

"Sergeant Crager is dismissed under authority of Section 119 of the Personnel Rules of the City of Lufkin, Texas as applies to Firemen and Policemen, and under Rules and Regulations of the Police Department as outlined in the Police Duty Manuel.

"Sergeant Crager absented himself from the department in pretense of performing a police duty when, in fact, he was at the County hospital contrary to departmental orders and was not in the performance of a police duty. This period of time covering approximately fifty-three (53) minutes.

"Details are more fully outlined in this officer's personnel file.

"Sergeant Crager has been supplied with a copy of this directive and advised that he has ten days (10) days, to appeal under civil Service Law.

"Yours truly,

"Henry W. Aycock
"Chief of Police"

The letters were stamped by the Civil Service Director with the same stamp:

"CITY OF LUFKIN
Received in office of
CIVIL SERVICE DIRECTOR

at ————————M.
————————19——
By————————"

and then he filled in the time and date as each letter was received and initialed his entries. The other instruments appellant admits were filed by the Director were by him stamped with the same stamp. The word "filed" does not appear on any exhibit filed by the Director. We consider the first letter was filed. This situation is analogous to that governing an application for filing an instrument for record, such as a deed (and should be so treated), the instrument being deemed filed when delivered for that purpose where it is supposed to be filed, in the absence of some statute providing that fees be paid or some other thing done or performed before filing. Sun Lumber Co. v. Huttig Sash & Door Co., Tex.Civ.App., 36 S.W.2d 561. There is no provision in the Civil Service Act for a fee to be paid or other thing done by the Chief of Police before the Director of Civil Service shall file such a written statement. To repeat, the first letter was filed. See Jones v. Mac-Cordquodale, Tex.Civ.App., 218 S.W. 59, and authorities cited on p. 61.

Plaintiff duly filed his objection to his dismissal from the Lufkin Police Department by said Henry W. Aycock, Chief of Police, requesting the Civil Service Commission of the City of Lufkin to grant him a hearing upon such matter. The Civil Service Commission of the City of Lufkin heard such case. An order and decision sustaining the dismissal of the said plaintiff was entered by it. Plaintiff objected and excepted thereto.

Defendant's Point of Error 1 is that the trial court erred in failing to grant defendant's motion for summary judgment because there was a full compliance with the re-

quirements of Art. 1269m, V.A.C.S., in discharging plaintiff. In the exercise of his power to suspend indefinitely any officer under his supervision, Sec. 16 of such Article requires the Chief of Police to file a written statement with the Commission giving the reasons for such suspension.

"* * * The written statement above provided to be filed by the department head with the Commission, shall not only point out the civil service rule alleged to have been violated by the suspended employee, but shall contain the alleged acts of the employee which the department head contends are in violation of the civil service rules. It shall not be sufficient for the department head merely to refer to the provisions of the rules alleged to have been violated and in case the department head does not specifically point out the act or acts complained of on the part of such employee, it shall be the duty of the Commission promptly to reinstate him. In any civil service hearing hereunder, the department head is hereby restricted to his original written statement and charges, which shall not be amended, and no act or acts may be complained of by said department head which did not happen or occur within six (6) months immediately preceding the date of suspension by the department head."

By Sec. 6 of Art. 1269m, V.A.C.S., the office of Director of Firemen's and Policemen's Civil Service is created. Such Director serves as secretary to the Commission.

Defendant contends that the second letter is not an amendment of the original written statement. The evidence is undisputed that the first letter was delivered to the Director, received by the Director and by him stamped as received. Aycock, the Chief of Police, did not instruct him to hold or suspend the filing of the letter. The first letter of that morning delivered by the Chief of Police to the Director of Civil Service we regard as filed.

■ The first written statement filed with the Director of Civil Service by the Chief of Police did not comply with Sec. 16, Art. 1269m, V.A.C.S. It did not specifically point out the act or acts complained of on the part of plaintiff, what rule was violated, or when such violation occurred.

The second written statement is not limited to correcting typographical errors, but is an amendment of the first. Such amendment was erroneously considered by the Commission at its hearing. It was the duty of the Commission to reinstate Carroll Crager because the first written statement did not comply with Art. 1269m. V.A.C.S., and the second written statement could not be considered by it. Such is the holding in Bichsel v. Carver (1959), 159 Tex. 393, 321 S.W.2d 284. Plaintiff has relied on such opinion.

Defendant's Point of Error 1 is overruled.

The affidavits and instruments accompanying defendant's motion for summary judgment show that the second written statement was an amendment of the first, requiring the trial court to refuse defendant's motion for summary judgment. Defendant's Points of Error 2 and 3 urging that its motion for summary judgment should have been granted are overruled.

■ Defendant's Point of Error 4 asserts the trial court "erred in admitting in evidence the letter tendered by Plaintiff at the hearing on a Motion for Summary Judgment because a copy of such letter was not attached to the Motion of Summary Judgment." The motion for summary judgment filed by defendant attached the affidavits of Mr. Lynn Durham, the Director, and Henry W. Aycock, the Chief of Police. Such affidavits clearly admitted that the first written statement was delivered by the Chief of Police to the Director; that thereafter the second written

statement was delivered to him by the Chief of Police in the same manner. Each was stamped and handled exactly alike by the Director. The first written statement, being the letter in question, was not attached to the motion of defendant for summary judgment but was referred to in the affidavits attached to defendant's said motion admitting there was a prior written statement. The letter admitted in evidence was admitted by defendant to be a true and correct copy of the first written statement. The fact there was a first written statement or letter is not disputed. Admitting in evidence such first written statement did not raise a fact issue. The affidavits of the Chief of Police and the Director each having referred to the original written statement or letter of the Chief of Police, under Rule 166–A(e), Texas Rules of Civil Procedure, the court properly permitted such affidavits to be supplemented by an admittedly true copy of the original written statement of the Chief of Police. Actually, it was defendant's duty to furnish a true copy as part of its motion. Defendant's basis for maintaining its suit or position had to be the first written statement. Without the first written statement, defendant had no suit. With the first written statement in evidence, the defendant had no suit because it did not comply with the mandatory requirements of Art. 1269m, V.A.C.S., in discharging plaintiff. Point of Error 4 is overruled.

Defendant's Point of Error 5 is:

"The trial court erred in granting a Motion for Summary Judgment for Plaintiff because Plaintiff's motion was not supported by affidavits, depositions, or other extrinsic evidence."

Rule 166–A, T.R.C.P., provides in Sec. (a):

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary

judgment in his favor upon all or any part thereof."

In view of the facts above set forth and of the provisions of that part of the rule above stated, appellant's Point of Error 5 is overruled.

The judgment of the trial court in granting plaintiff's motion for summary judgment is affirmed.