

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

January 5, 2001

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
Bexar County Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. JC-0323

Re: Whether a county clerk must file stamp an instrument immediately upon its delivery and acceptance for filing, and related questions (RQ-0264-JC)

Dear Ms. Reed:

A county clerk's written indorsement on an instrument of the date and time that the clerk received the instrument evidences the filing should it be questioned in court. *See Maddux v. Booth*, 108 S.W.2d 329, 331 (Tex. Civ. App.–Amarillo 1937, no writ); 36A C.J.S. *File* at 402 (1961); *see also Grogan v. Robinson*, 8 S.W.2d 571, 573 (Tex. Civ. App.–Dallas 1928, writ ref'd) (indicating that "file mark" evidences instrument's filing). You ask whether a county clerk must "file stamp" an instrument immediately at the time it is deposited in the clerk's office for recording or whether the clerk has "a reasonable time after delivery to file stamp the instrument."[1] (For the sake of brevity, we use the term "county clerk" or "clerk" to refer to a county clerk or the clerk's agent.) No statute expressly requires a clerk to file stamp an instrument. The clerk must mark the date and time on an instrument in some way immediately upon receiving it, however. File stamping is not the only means by which the date and time of delivery immediately may be noted, but it is the one about which you ask. *See* Request Letter, *supra* note 1, at 1. We accordingly limit our response to file stamping and not to any other methodology that may accomplish this purpose.

You ask two further questions regarding file stamping an instrument filed in a county clerk's office:

2.      If your office determines a county clerk is statutorily required to file stamp all instruments at the time the instruments are delivered to the county clerk, may a county clerk establish a "cut off" time prior to the actual closing time of the county clerk's office in order to process (file stamp) the large number of instruments generally delivered to a county clerk's office several hours prior to the close of business?

---

[1]*See* Letter from Honorable Susan D. Reed, Bexar County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Aug. 4, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

3.    Are instruments that are received by a county clerk's office through the mail to be given the same priority for filing as instruments that are personally delivered to a county clerk's office for filing?

We answer your third question first because it follows directly from your first question. We conclude, based upon *Jones v. MacCorquodale*, that an instrument delivered to a county clerk's office by mail must "be given the same priority as instruments that are personally delivered to a county clerk's office." *See Jones v. MacCorquodale*, 218 S.W. 59, 61 (Tex. Civ. App.–Galveston 1919, writ ref'd). And, in answer to your second question, we conclude that a county clerk may not close the clerk's office to the public without obtaining the approval of the court he or she serves.

Before we proceed, it may be helpful to define three terms that are used throughout the request letter: "file," "file stamp," and "record." *See* Request Letter, *supra* note 1, at 1-4. Each term denotes a part of the process by which an instrument is delivered to, filed by, and recorded by a county clerk's office: "As a rule, [when an instrument is delivered to a county clerk's office for filing,] a county clerk is required to initially determine whether a document will be accepted for filing and, if so, to properly note such filing, accept the fee, record the document (that is, make a copy of it), index it, and, if required to do so, return the original to the filer." 35 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 10.9 (1989).

An instrument is "filed" when it is delivered to the clerk, or otherwise put in the clerk's custody or control, and accepted for filing and recording. *See Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993); *Biffle v. Morton Rubber Indus., Inc.*, 785 S.W.2d 143, 144 (Tex. 1990) (per curiam); *Birdwell v. State*, 996 S.W.2d 381, 382 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd); *Spellman v. Hoang*, 887 S.W.2d 480, 481 (Tex. App.–San Antonio 1994, no writ) (per curiam); *cf. Maddux*, 108 S.W.2d at 331 (stating that filing consists of delivery to clerk plus acceptance for record by clerk); *Jones*, 218 S.W. at 61 (stating that, in context of registration laws, instrument is filed "when deposited for that purpose in the county clerk's office, together with the proper recording fees"). Delivery may be in person, by mail, or in certain circumstances, electronically. *See* TEX. LOC. GOV'T CODE ANN. § 191.009, ch. 195 (Vernon Supp. 2000) (regarding electronic filing); 35 BROOKS, *supra*, § 10.9; *see also* OFFICE OF COURT ADMINISTRATION, COUNTY CLERK PROCEDURE MANUAL II-30 (1998) ("Instruments for recording are quite often brought to the clerk's office personally but may also be mailed in for processing."). An instrument is considered filed when the clerk accepts the document for filing "regardless of the time at which it may subsequently be actually recorded." 35 BROOKS, *supra*, § 10.9.

You use the term "file stamp" to refer to the process by which, when an instrument is delivered to the clerk's office, the instrument is inserted into a machine that stamps on the instrument the date and time. Telephone conversation with Ms. Pat Prows, Bexar County District Attorney's Office (Oct. 11, 2000). While we could not find a definition of the term, it appears synonymous with the term "file mark," which is a clerk's indorsement on an instrument that a document was filed. *See Grogan*, 8 S.W.2d at 573. For the purposes of this opinion, we use the term "file stamp" to denote

a mark that a county clerk places upon an instrument stating the (presumably correct) date and time the instrument was received.

Recording consists of "copying the document and placing it in a proper book" or electronically recording a copy of the document. *See* TEX. LOC. GOV'T CODE ANN. § 191.009(a) (Vernon Supp. 2000); 35 BROOKS, *supra*, § 10.9. In general, under section 191.001 of the Local Government Code, the county clerk must record "without delay . . . the contents of each instrument that is filed for recording and that the clerk is authorized to record." TEX. LOC. GOV'T CODE ANN. § 191.001(c) (Vernon 1999). Section 193.001 of the same code directs the manner of recording generally:

> (a) The county clerk shall record instruments filed for recording in the order that they are filed. The clerk shall record each instrument with any acknowledgment, proof, affidavit, or certificate that is attached to it.
>
> (b) The clerk shall note at the foot of the record the date and time that the instrument was filed for recording.
>
> (c) If an instrument that is filed for recording is acknowledged or proved in the manner prescribed by law for record, the clerk shall make a record of the names of the parties to the instrument in alphabetical order, the date of the instrument, the nature of the instrument, and the time that the instrument was filed. If required, the clerk shall give the person who files the instrument a receipt stating this information.
>
> (d) The clerk shall certify under the clerk's signature and seal of office the date and time that the instrument is recorded and the specific location in the records at which the instrument is recorded. After recording the instrument, the clerk shall deliver the instrument to the person who is entitled to it.

*Id.* § 193.001. Section 11.004 of the Property Code provides specifically for recording an instrument related to real property:

> A county clerk shall:
>
> > (1) correctly record, as required by law, within a reasonable time after delivery, any instrument authorized or required to be recorded in that clerk's office that is proved, acknowledged, or sworn to according to law;

(2) give a receipt, as required by law, for an instrument delivered for recording;

(3) record instruments relating to the same property in the order the instruments are filed; and

(4) provide and keep in the clerk's office the indexes required by law.

TEX. PROP. CODE ANN. § 11.004(a) (Vernon Supp. 2000); *see also id.* § 11.001(a) ("To be effectively recorded, an instrument relating to real property must be . . . recorded in the county in which a part of the property is located.").

Nothing in the statutes expressly requires a county clerk generally to file stamp all instruments immediately at the time the instruments are delivered to the clerk's office. Section 191.001 of the Local Government Code and section 11.004 of the Property Code, which you believe are relevant, do not require a county clerk to file stamp an instrument either "without delay," TEX. LOC. GOV'T CODE ANN. § 191.001(c) (Vernon 1999) (requiring county clerk to record contents of instrument), or, with respect to an instrument relating to real property, "within a reasonable time after delivery," TEX. PROP. CODE ANN. § 11.004(a)(1) (Vernon Supp. 2000). Both section 191.001 of the Local Government Code and section 11.004 of the Property Code designate the time at which an instrument must be recorded, not file stamped. *Compare* TEX. LOC. GOV'T CODE ANN. § 191.001(c) (Vernon 1999) ("without delay"), *with* TEX. PROP. CODE ANN. § 11.004(a)(1) (Vernon Supp. 2000) ("within a reasonable time after delivery"). Consequently, neither of these statutes expressly sets a time frame within which an instrument must be file stamped. Nor does section 193.001 of the Local Government Code expressly require a county clerk to file stamp an instrument immediately upon filing. *See* Request Letter, *supra* note 1, at 2 (stating that county clerk "is required to note on the document the precise time that it was filed. . . . Thus, . . . county clerk must immediately file stamp the instrument."). Section 193.001(b) requires a clerk to "note at the foot of the record the date and time that the instrument was filed for recording." TEX. LOC. GOV'T CODE ANN. § 193.001(b) (Vernon 1999). Section 193.001(b) does not indicate *when* the notation must be made, only what the notation "at the foot of the record" must state.

While we find no express statutory requirement, the statutes implicitly require the clerk to accurately note the date and time that an instrument is delivered. *See id.* § 191.001(a), (b) (requiring clerk to record instruments "in the order they are filed" and to note "date and time" instrument is filed for recording); TEX. PROP. CODE ANN. § 11.004(a) (3) (Vernon Supp. 2000) (requiring clerk to "record instruments relating to the same property in the order the instruments are filed"). The county clerk's indorsement on an instrument, for example, evidences the fact that a paper was filed at a particular time, and a court may rely upon that evidence. *See Maddux*, 108 S.W.2d at 331 (quoting *Hanover Fire Ins. Co. v. Shader*, 33 S.W. 112, 113 (Tex. 1895)). "[T]he indorsement upon the paper of the time of its reception is not, strictly speaking, a part of the operation of filing, but is a mere memorandum serving as evidence of the fact." 36A C.J.S. *File* at 402 (1961); *see also*

*Maddux*, 108 S.W.2d at 331 (citing C.J.S.). The indorsement creates a refutable presumption regarding the date and time that the document was delivered to the court. *State v. Miller*, Nos. 99CA2506 & 00CA2539, 2000 WL 1273467, at *2 (Ohio App. [4th Dist.] Aug. 31, 2000); 76 C.J.S. *Records* § 6 (1994); *cf. Biffle*, 785 S.W.2d at 144 (stating that instrument is deemed filed at the time it is delivered to clerk, regardless of whether instrument is file marked); *Birdwell*, 996 S.W.2d at 382-83 (discussing use of file mark as evidence in civil and criminal cases). You suggest that this evidence may be particularly important in the case of real-property transactions. *See* Request Letter, *supra* note 1, at 4. A properly recorded instrument regarding real property notifies all persons of a transaction affecting the property. TEX. PROP. CODE ANN. § 13.002 (Vernon 1984). Where two opposing deeds purport to convey the same property, the first-filed deed controls disposition of the property. *See Anderson v. Barnwell*, 52 S.W.2d 96, 101-02 (Tex. Civ. App.–Texarkana 1932) (indicating that first-filed instrument provides notice to later purchaser of same property interest), *aff'd in part sub nom. Anderson v. Brawley*, 86 S.W.2d 41 (Tex. 1935); *Hooks v. Neill*, 21 S.W.2d 532, 540 (Tex. Civ. App.–Galveston 1929, writ ref'd) (same); *Raley v. Magendie*, 116 S.W. 174, 175 (Tex. Civ. App. 1909, writ ref'd) (same).

Court rules also may require the clerk to indorse an instrument immediately upon accepting the instrument for filing. Rule 24 of the Texas Rules of Civil Procedure, for example, requires a county clerk to indorse, "[w]hen a petition is filed," upon the petition "the file number, the day on which [the petition] was filed and the time of filing, and" to sign his or her name "officially" on the instrument. TEX. R. CIV. P. 24. And the Office of Court Administration suggests that a county clerk file mark an instrument showing the date and time received "[u]pon receipt." *E.g.*, OFFICE OF COURT ADMINISTRATION, COUNTY CLERK PROCEDURE MANUAL III-5 (1998) ("Initial Filing Procedures" for criminal case); *id.* IV-11 ("Initial Filing Procedures" for civil case); *id.* IV-14 ("Subsequent Filing Procedures" for additional instruments in civil case); *id.* V-13 (filing of probate cases).

We consider next your third inquiry: whether an instrument that is received by a county clerk's office through the mail is to be given the same priority for filing as an instrument that is personally delivered for filing. *See* Request Letter, *supra* note 1, at 1. You believe that a county clerk must file stamp "all instruments received through mail deliveries during the day at the time of delivery rather than file stamping all instruments received through the mail throughout a particular business day at a certain time later in the day." *Id.* at 3. We thus understand you to ask whether an instrument must be file stamped at the time the instrument is delivered, whether the instrument is delivered through the mail or in person.

We conclude that a county clerk must indorse the date and time that an instrument is received immediately upon receiving it in the clerk's office, whether the instrument is delivered in the mail or in person. Under *Jones v. MacCorquodale*, 218 S.W. 59 (Tex. Civ. App.–Galveston 1919, writ

ref'd), an instrument delivered to a county clerk's office, whether by mail or in person, is entitled to be noted as filed at the date and time of delivery:

> So far as we are aware, there is no particular method of getting an instrument into the clerk's office for the purpose of filing required. If it is deposited there with that objective by mail, by messenger, or is even handed to the clerk elsewhere, and afterwards carried there by him, it becomes entitled to record upon its arrival or deposit in his office.

*Id.* at 61. When the document is filed, it is likewise deemed recorded. *See* TEX. LOC. GOV'T CODE ANN. § 191.003 (Vernon 1999).

We finally address your second question: If a county clerk is "statutorily required to file stamp all instruments at the time the instruments are delivered to the county clerk," may the clerk "establish a 'cut-off' time prior to the actual closing time of the" clerk's office to file stamp "the large number of instruments generally delivered . . . several hours prior to the close of business"? Request Letter, *supra* note 1, at 1. As predicate to your question, you state that the Bexar County Commissioners Court requires all county employees to work forty hours per work week, although the Commissioners Court has not specified any hours during which Bexar County offices must be open. *See* Request Letter, *supra* note 1, at 3. You further indicate that the Bexar County clerk is contemplating closing his or her office to the public at 3:30 each workday afternoon to file stamp all instruments "prior to close of business on the day the instruments are delivered." *Id.* All employees would be working forty hours each work week, which, you state, is consistent with the Bexar County Personnel Rules. *See id.*

Past decisions of this office considering how authority is divided between a county official and the county commissioners court do not dispose of a situation involving the county clerk's authority. Between a county official, such as a county clerk, and the county commissioners court, the county official has sufficient discretion to administer the office as the official wishes to accomplish its constitutional and statutory duties. *See* Tex. Att'y Gen. Op. No. JC-239 (2000) at 3. So long as county employees working in the official's office do not violate a county's forty-hours-a-week work requirement, the commissioners court, in executing its authority over the county budget, may not interfere with the elected official's decisions. *See id.* at 1. Thus, a county clerk need not obtain the approval of the county commissioners court to change the hours the clerk's office is open to the public, so long as county employees comply with the commissioners court's forty-hours-a-week work requirement.

While the county commissioners court's budgetary authority does not authorize it to interfere in the setting of the county clerk's office hours, the clerk must obtain the approval of the courts the clerk serves if the clerk wishes to change the hours his or her office is open to the public. A county clerk is subject to the authority of the judiciary and "receives documents for filing on behalf of" a court. *See Stokes v. Aberdeen Ins. Co.*, 917 S.W.2d 267, 268 (Tex. 1996) (per curiam). The clerk

is, consequently, "subject to the court's direction and control in exercising ministerial duties such as filing documents." *Id.* Additionally, the courts may have to revise court rules if they approve the county clerk's proposal. *See, e.g.,* BANKR. N.D. TEX. LOC. R. app. C (listing clerks' office hours); 5TH TEX. APP. (DALLAS) LOC. R. 3(a) (listing normal court business hours for receiving faxes Monday through Friday "from 8:00 a.m. to 5:00 p.m. central time");10th TEX. APP. (WACO) LOC. R. 4 (listing normal court business hours as Monday through Friday, "8:00 a.m. to 5:00 p.m.").

## S U M M A R Y

While a county clerk is not expressly required by statute to file stamp the date and time an instrument arrives in the clerk's office for filing upon receiving and accepting the instrument, the county clerk must devise some method for immediately and accurately noting that date and time. Just as the clerk must develop a method for noting the date and time a particular instrument is delivered in person, so must the clerk develop a method for noting the date and time of delivery of an instrument that arrives in the mail.

A county clerk must obtain the approval of the judiciary he or she serves before changing the hours the clerk's office is open to the public.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee