AVhebler, J.
The assignment of errors seeks a revision of the ruling and judgment of the court—
lsf, in permitting the defendant to amend his answer by withdrawing the interrogatories by him propounded to the plaintiff, and, second, in *269 striking out the last two counts in the amended petition, and thereupon sustaining the demurrer to tlie original and amended petition.
The' judgment oE tlie court upon the legal sufficiency oí tlie petition may first be considered; and should it then become materia], the other question may be, disposed oí.
1. Bid tlie court err in its judgment respecting the legal sufficiency of the petition?
The instrument set out in the original petition is evidently a promissory note. In framing the petition the pleader seems to have misconceived its import, but lie exhibits the instrument to the court and makes it a part of his petition. Being thus made a part of the petition, tlie court will give the instrument the legal effect to which it is entitled, notwithstanding it may have been misconceived by tlie pleader, if the pleading he intelligible and consistent and enough be stated to show a cause of action.
In respect to the propriety of the ruling in st riking out a part of the amended petition, it is material Lo observe that the suit was brought on the 22d day of February, 1844, upon a promissory note set out in the petition, and which constituted the solo and entire cause of action. Tlie amended petition, filed at tlie Spring Term, 1846, introduces two new and distinct causes of action: one upon a Bill of exchange not set out literally, hut described as having been drawn by the defendant in error in favor of the plaintiff, dated on the 10th day of October, 1838, and due six months after date; the other for money paid by the plaintiff for the defendant at his request oil the 1st day of January, 1S40. Regarded as new, distinct, and independent causes of action, and they arc so treated by the averments of tlie petition and must be so taken in considering the demurrer, they could not be joined or introduced into the case by amendment, but, if intended to have been sued on, should have been joined in the original petition. Moreover, they clearly were barred by the statute of limitations before the filing of tlie amended petition, whicli as to these canses of action was an original petition.
But if, as is probable, these statements in the amended petition were intended as but different forms of stating the samo cause of action iu imitation of the different counts in’a common-law declaration, they are inappropriate hero and cannot be maintained, being repugnant to and inconsistent with tlie facts which are shown to constitute tlie real cause of action. They do not slate tiie facts of the plaintiff’s case as they are shown by his original and so much of Iiis amended petition as correctly describes the instrument sued on. They do not and cannot bo made to consist with tlie real canse of action upon which tlie plaintiff must rely in order to maintain ids case. They are too evident a departure from the rules of correct pleading in onr law of procedure to require further comment. Regarded either as' new and independent causes of action or as different forms of stating tlie same cause of action, tlie two ‘'counts” stricken out cannot be maintained, and the court did not err iu rejecting them.
The original petition and the amendments, which arc consistent with its statement of the cause of action, must be taken together as a whole, and upon demurrer tlie question is, Does tlie petition contain appropriate averments sufficient, if true, to entitle the plaintiff to recover?
It does not appear upon what ground the court sustained the demurrer to the original and amended petition, but it is insisted for the defendant in error that it was rightly sustained, and that the petition is defective—
1st. In that it is not sufficiently averred therein that the maker and those who indorsed the note prior to the defendant liad notice of its dishonor, or that the plaintiff had such notice as to render him responsible as indorser, to
Tlie original and first and second amended petitions respectively contain aver-ments of notice; and though the fact of notice to the defendant is not Stated in ? manner as direct, positive j and definite as would be desirable, we think it mist he lield sufficient on general demurrer. If there had been special exception to the petition for this cause, so as to have apprised the plaintiff i- *270 what respect he ought to amend, and he had declined to do so, it might have been proper to apply to the petition in this respect severer scrutiny and a more rigid rule.
Notice from the person entitled at the time to call for payment or rpimbnrsement is now held to be sufficient, although it is said formerly to have been otherwise. (Story ‘on Promissory Notes, see. 302.) “Hence (says Story) a notice from the holder or any other party will inure to the benefit of every other party who stands between the person giving (.lie nolice and the person to whom it is given. Therefore a notice from the last indorsee to the first indorser will operate as a notice from each of the intermediate indorsers. So if the holder or any other party give notice but to the person who is his immediate indorser on the note, yet if no notice be communicated by the latter wiliiout laches to the prior parties, the holder may avail himself of such communication of notice and sue any such prior parties; for it is not necessary that notice should come immediately from the holder, since it does come from one who is liable Co pay the note and is entitled to reimbursement from such prior parties.” (fb.)
It was not necessary to aver notice to the maker of the note. In the case of bills and notes, “the indorser to whom notice is duly given is liable, although nolice be not given by the holder to the drawer ora prior indorser.” (3 Kent, 104, 105.) Bul-
id. It is further insisted that the petition is insufficient, in that it does not contain an averment that the bank of Grenada had authority or capacity to make the note in question.
• This is a question which it is conceived the defendant cannot require the plaintiff to discuss with him in this action. By his indorsement of the note to the plaintiff he has contracted that the bank of Grenada was competent to make the note, and lie cannot be heard to question its competency in this case.
“The indorsement of anote (says Story) in contemplation of law amounts to a contract on the part of the indorser with and in favor of the indorsee and every subsequent holder to whom the note is transferred — (1) that the instrument itself and the antecedent signatures thereon are genuine; (2) that lie, (the indorser) lias a good title to the instrument; (3) that he is competent to bind himself as indorser; (4) that the maker is competent to bind himself to the payment, and will, upon due presentment of the note, pay it at maturity, or when it is due; (5) that if when duly presented it is not paid by the maker, lie (the indorser) will, upon due and reasonable notice given him of the dishonor, pay the same to the indorsee or oilier holder.” (Story on Promissory Notes, see. 135; 3 Kent. Comm., 89; 1 Hill N. Y. R., 287 ; 4 Mass. R., 45.) .
3d. Finally, it is insisted that the act of 1840 “to dispense with the necessity of protesting negotiable instruments,” &c., (Hart. Dig., p. 771,) is applicable to this ease, and that the defendant is discharged from liability by the omission of Hie plaint iff to bring suit as directed by the first section of that act.
The liability of the defendant in this case ivas fixed before the passage of the act in question. That act was not, we think, intended to retrospect so as to require suit to be brought in order to charge parties whose liability had been fixed agreeably to the principles of mercantile law prior to its passage; consequently it lias no application to the present case.
It is not perceived that there is any fatal defect in the petition, or that there was good cause for sustaining the demurrer to the original and amended petition, in so far as the former sets out the note sued on and the latter describes it correctly with appropriate averments; and we are of opinion that the court erred in sustaining the demurrer.
2. In reference to the future conduct of the cause it therefore becomes material to revise the decision of the. court in permitting the defendant to amend his answer by withdrawing the interrogatories propounded by him to ‘he plaintiff.
Note 90.—See Hammock v. May, 38 T., 196.
It is admitted that if the answers of the plaintiff to the interrogatories propounded to him by the defendant were in and before the court tiie defendant could not evade their effect or deprive the plaintiff of any benefit lie might derive from them by withdrawing his interrogatories. If the answers wore properly in, it was too late for the defendant to amend in that particular. The answers appear to have been marked “ tiled ” previous to the action of tiie court permitting the amendment; but it is agreed that they were not then in court among the papers of the cause, and in effect that the fact of their existence was not made known to the opposite party or the court when its action was taken. They cannot therefore bo regarded as having been properly on iilo in the. cause.
In our practice a paper is to be deemed to have been filed only when it shall have been delivered into the custody of (he clerk, to be by him kept among the papers of the cause, subject to the inspection of tiie parties. I£-a, party causes, the clerk to mark upon a paper “ filed,” but afterwards withdraws it from tiie custody of the clerk and from the inspection of the opposite party and the court, the paper will not be considered as having been filed in contemplation of law. While it is so withdrawn, the fact of its existence need not he noticed by tiu* court or the adverse party, and such proceedings may lawfully be taken as if in fact it had no existence. And if the party who would claim rights arising upon a paper or pleading in the cause, (lie existence of which as a paper or pleading in that cansé is peculiarly within his knowledge, stands silently by and permits the court to take action which assumes the non-existence of such paper, and does not bring it to the notice of ihc court, lie will not be beard first in the appellate court to object that the action of tiie court was in that respect erroneous. This point was so decided in the ease of Hopkins v. Donalio, (4 Tex. R., 336.)
The agreement of the parties in this ease excludes the supposition that the answers of the plaintiff to the interrogatories were in court., among tiie papers of the case, when the action of the court now in question was taken. But if they were in court they were not brought to the attention of the court by the attorney who then represented the plaintiff in Unit court, and who, it is agreed, was'in court and cognizant of tiie action taken in the case. Under the circumstances, we arc of opinion that the court did not err in permitting the plaintiff to amend his answer by withdrawing tiie interrogatories by him propounded to the plaintiff.
But because the court erred in sustaining tiie demurrer to tiie origin’al and amended petition, we are of opinion that the judgment be reversed, and the cause remanded for further proceedings.
Judgment reversed.