### HELGE v. WOOD, District Clerk.
### No. 8051.

Court of Civil Appeals of Texas. Austin.
Oct. 4, 1933.

Relator's Motions for Rehearing Denied
Oct. 4 and 25, 1933.

Shropshire & Sanders, of Brady, for relator.

Adkins & Adkins, of Brady, for respondent.

McCLENDON, Chief Justice.

Original application for mandamus to compel the district clerk of McCulloch county (Thirty-Fifth district) to prepare transcript of the record in a cause appealed upon a pauper's oath. The pertinent facts follow:

Judgment was rendered on April 27, 1933; and on May 3d a pauper's oath in statutory form (R. C. S. art. 2266, as amended by Acts 1931, 42d Leg., Reg. Sess., p. 226, ch. 134, § 1 [Vernon's Ann. Civ. St. art. 2266]) was presented to the clerk, and his filing indorsed thereon, under the circumstances hereinafter detailed. It was not left with the clerk, but retained by relator's attorney until May 26th. In the meantime the court adjourned on May 20. The clerk declined to prepare the transcript; and this proceeding was brought on May 30th. The clerk filed a contest of the allegations of the pauper's oath on June 3d, which was heard and sustained on July 1st. We dismissed the proceeding without prejudice pending action on the contest. Relator has filed a motion for rehearing, which we are treating as a renewal of the original application, and have ordered it docketed as such.

At the hearing upon the contest, the clerk testified that he was drawing a jury in a felony case when relator's attorney "walked up to my desk and stuck that paper out at me and said, 'Put your file mark on this,' and he did not even turn it loose. And he immediately took that paper away from me and put it in his pocket, and when he came back I put my file mark on it and he took it away and I never saw that paper any more until the 26th day of May." At the time he affixed the file marks he did not know what the instrument was, and did not ascertain what it was until May 26th, when relator's attorney brought the court papers back. "They had been out all the time since the trial, and he said, 'This is the way I want these papers arranged in the transcript,' and I says, 'All right, what about the cost bond'; and he says, 'We have an affidavit.'" This was respondent's first knowledge that he had put his file marks on a pauper's oath.

No controverting proof was offered in the trial court on this issue, and the trial judge found the facts substantially as testified to by the clerk.

The version of relator's attorney on this issue is contained in an affidavit to the effect that when he handed the pauper's oath to the clerk, it was indorsed in capital letters, "Affidavit of Plaintiff's Inability to make Appeal Bond or give Security Therefor"; and "that affiant handed such affidavit to respondent and asked him to file same, which he did; that affiant saw him looking apparently at the indorsement on the paper, and place his file mark thereon; that respondent did not ask affiant what the instrument was, or anything about same."

Amended article 2266 provides that any of-

ficer of court or party to the suit, interested, may contest the affidavit. "It will be presumed, prima facie, that the affidavit of appellant speaks the truth and unless contested within ten (10) days after being filed the presumption shall be deemed conclusive."

It is the contention of the relator that the contest came too late, because it was not filed within ten days after May 3d, the date of the clerk's file mark.

In Beal v. Alexander, 6 Tex. 531, it was held (Mr. Justice Wheeler writing): "In our practice, a paper is to be deemed to have been filed, only when it shall have been delivered into the custody of the Clerk, to be by him kept among the papers of the cause, subject to the inspection of the parties. If a party causes the Clerk to mark upon a paper, 'filed,' but afterwards withdraws it from the custody of the Clerk, and from the inspection of the opposite party and the Court, the paper will not be considered as having been filed, in contemplation of law. While it is so withdrawn, the fact of its existence need not be noticed by the Court, or the adverse party; and such proceedings may lawfully be taken, as if, in fact, it had no existence."

This holding, so far as we have been able to find, has never been questioned in this state. It is in accord with the general rule (see 25 C. J., p. 1124 and note 3; 3 Words and Phrases, First Series, pp. 2769, 2770; 1 Bouvier's Law Dictionary [3d Rev.] p. 1219; and Meridian Nat. Bank v. Hoyt & Bros. Co., 74 Miss. 221, 21 So. 12, 36 L. R. A. 796, 60 Am. St. Rep. 504); and was cited with approval in Snider v. Methvin, 60 Tex. 487.

The amendment to article 2266 does not provide for any notice of the filing of the oath, and therefore all parties at interest are affected with constructive notice thereof. Haines v. Russell (Tex. Civ. App.) 49 S.W.(2d) 957. The only means afforded parties at interest of acquiring knowledge that the oath has been filed is the continued presence of the oath in the custody of the proper officer. Its withdrawal, regardless of motive, deprives interested parties of the only means within their power of exercising their statutory right to contest within the period named.

We are therefore clearly of the view that under the facts shown, whether we take the version of relator's attorney or that of respondent, the oath was not filed within the meaning of the statute until it was returned to the custody of the clerk on May 26th; and that the contest was therefore filed within the ten-day period allowed by statute.

The finding of the trial judge sustaining the contest was supported by ample evidence not necessary to detail.

The application is denied.

Application denied.