## MADDUX v. BOOTH.

### No. 4757.

Court of Civil Appeals of Texas. Amarillo.
June 2, 1937.

W. H. Russell, of Hereford, for plaintiff in error.

Aldridge & Aldridge, of Farwell, for defendant in error.

FOLLEY, Justice.

This is an appeal by writ of error by R. E. Maddux, plaintiff in error, against E. E. Booth, defendant in error. There is no statement of facts in the record, but plaintiff in error presents what he alleges is fundamental error from the transcript of the proceedings.

On May 22, 1935, E. F. Lokey filed in the county court of Parmer county, Tex., his application for appointment as administrator of the estate of M. C. Booth, deceased. E. E. Booth and R. E. Booth, brother and nephew, respectively, of the deceased, contested this appointment. Thereafter, on June 3, 1935, R. E. Maddux filed an application to be appointed as such administrator. The county court of Parmer county, as a probate court, heard these applications and contests and on June 3, 1935, issued an order appointing the said R. E. Maddux as temporary administrator with authority to prosecute for collection a promissory note for $1,600 executed by R. E. Booth, and E. E. Booth, and payable to the order of the deceased. E. E. Booth gave notice of appeal to the district court of Parmer county, and on June 13, 1935, the county judge of Parmer county issued his order fixing the appeal bond in the sum of $100. On this same day E. E. Booth, as principal, and Earl Booth and J. H. Aldridge, as sureties, made said bond and filed the same with the county clerk of Parmer county on the 14th of June, 1935, which was approved by the clerk on the day filed. Said bond was regular on its face and in conformity with article 3699, Revised Civil Statutes.

On January 15, 1936, the district court of Parmer county, Tex., tried the cause de novo and rendered judgment therein, finding that M. C. Booth was dead; that he died in Morristown, Tenn.; that he was a bachelor, and that his mother and father had predeceased him; that his nearest of kin was his various brothers and sisters; that at the time of his death he had no property or estate in Parmer county except

the note above mentioned; that E. E. Booth was a resident of Bailey county; that the deceased was a resident of Tennessee at the time of his death; that the said E. E. Booth was the nearest of kin of the deceased who resides in the state of Texas; that the county court of Bailey county, Tex., was the court having jurisdiction and venue for the appointment of an administrator of said estate; and that the county court of Parmer county was without jurisdiction and venue to enter the order appealed from, and the judgment vacated said order, and ordered its judgment certified to the clerk of the county court of Parmer county. From this judgment, plaintiff in error appeals.

Plaintiff in error assigns two errors from the record: First, that the appeal bond purported to have been filed in the county court does not appear to have been filed in the district court; secondly, that no certified copy of the judgment appointing R. E. Maddux temporary administrator, entered by the county judge, seems to have been made by the county clerk and filed in the district court. Any merit that may have been in the second assignment was obliterated by the filing of a supplemental transcript in this court on motion for certiorari by the defendant in error. This certified copy appears in the supplemental transcript and it is shown to have been filed in the district court on July 3, 1935. Therefore, in the present state of the record, the plaintiff presents only the first assignment for our reveiw.

The bond in question was filed in the county court, as aforesaid, on June 14, 1935, in cause No. 220 of that court. This fact appears affirmatively in the record before us. There is no file mark from the district clerk of Parmer county appearing on this bond as set out in the transcript. All the other papers that originated in the county court were duly marked filed by the district clerk in the district court. The clerk of the county court, E. V. Rushing, was the same person who was clerk of the district court. No objections were raised by the plaintiff in error in the district court in regard to the absence of such file mark. The bond was evidently before the district court at the trial of the cause, for the judgment recites and we quote therefrom as follows:

" * * * and that the application of said R. E. Maddux for appointment as such temporary administrator be in all things re-fused and rejected, the court finding that the contestant, E. E. Booth, has properly appealed from such order of the county court according to law and given the appeal bond as required by law to prosecute such appeal."

The district clerk, in preparing the transcript for this appeal, and as the district clerk of Parmer county, attached his certificate at the conclusion thereof certifying "that the foregoing pages 1 to 12, both inclusive, are a true and correct transcript of all the proceedings had in cause No. 1023, In Re: Estate of M. C. Booth, Deceased, as follows:" and thereafter recited "Appeal Bond of E. E. Booth," which appears above said certificate on pages 4 and 5 thereof. We call attention to the fact that the county court number was 220 and the district court number 1023.

Article 3702, Revised Civil Statutes of Texas, provides:

"Upon such appeal bond or affidavit being filed with the county clerk, he shall immediately transmit all the original papers in said proceedings to the clerk of the district court together with the appeal bond or affidavit and a certified copy of the order or decree appealed from on or before the first day of the next term of such district court, if possible, otherwise to the next succeeding term thereof, and the district clerk shall immediately file and docket the cause in the district court. Such cases shall be tried de novo in the district court, and shall be governed by the same rules of procedure as other civil cases in said court."

The above article, as it now stands in its present amended form, comprises articles 3635, 3636, 3637, and 3638 of Vernon's Sayles' Texas Civil Statutes of 1914, two of which being germane to the question before us, we quote:

"Art. 3635. Upon such appeal bond or affidavit being filed in the county clerk's office, it shall be his duty immediately to make out a certified transcript of the papers and proceedings relating to the decision, order, judgment or decree appealed from, together with such decision, order, judgment or decree, and transmit the same to the clerk of the district court, together with the appeal bond or affidavit that has been made in lieu of such bond, on or before the first day of the next term of such court."

"Art. 3637. When the transcript and appeal bond or affidavit have been received by the clerk of the district court he shall file and number the same, and enter the case upon the civil docket of such court,

to be called and disposed of in its regular order."

It will be seen from a comparison of the old and new statutes above that under the old law the statute made it imperative that the district clerk file the bond, while the new statute makes such necessary only by inference. It merely says "that the district clerk shall immediately file and docket the cause in the district court." It cannot be denied that this "cause" was docketed in the district court unless it can be said that the failure of the district clerk to place his file mark on the bond was a failure to docket the "cause." It certainly cannot be denied that the district clerk placed his file mark on all the other papers and gave them the new number 1023 of the district court.

█ We think, under our authorities, that the filing of the appeal bond in the county court of Parmer county divested the county court of all jurisdiction over the case and invested the district court with jurisdiction thereof. Stewart et al. v. Moore et al. (Tex.Com.App.) 291 S.W. 886, 891; Cavanaugh et al. v. Cavanaugh et al. (Tex.Civ.App.) 249 S.W. 264; Goldstein v. Susholtz et al. (Writ Denied) 46 Tex.Civ.App. 582, 105 S.W. 219; L. Kahn v. Bertha Israelson et al., 62 Tex. 221.

In the Stewart v. Moore, supra, case, the Commission of Appeals says:

"It is apparent from the record in this cause that the plaintiffs in error filed their appeal bond, duly approved, within the time prescribed by law. This admitted fact divested the county court of Tarrant county of all jurisdiction over the case. When the county court was thus deprived of its jurisdiction eo instanter, the district court was invested with jurisdiction over the case. Within the time prescribed by law, which is 30 days, the duty alone rested upon the clerk of the county court to transmit the original papers, together with a certified copy of the order of the county court from which the appeal was taken, to the clerk of the district court, whose duty it was to file the papers and docket the cause. The law presumes, until the contrary is shown, that every official will discharge the duties imposed upon him as such by the law."

█ From the above decisions, we conclude that if there was any breach of duty in this case it was on the part of the district clerk. It is not affirmatively shown in the record before us that the bond does not have the file mark of the district clerk on it, unless it could be said that no showing at all of such a file mark proves that it was not on the bond. It is just as logical to say that the district clerk failed to copy such file mark in the transcript on appeal as it is to say that the bond was not filed simply because no such indorsement is shown on it in the transcript. We think the authorities are uniform in holding that the file mark or indorsement on an instrument is merely evidence of its filing, but is not the actual filing of the instrument. The filing is the delivery to the clerk and his acceptance for record in his office. 25 C.J., 1124, par. 4. Hanover Fire Ins. Co. v. Shrader et al., 89 Tex. 35, 32 S.W. 872, 33 S.W. 112, 113, 30 L.R.A. 498, 59 Am. St.Rep. 25. In the last case mentioned, Chief Justice Gaines, speaking for the Supreme Court of Texas, said:

"Where a paper is deposited with the clerk of a court for the purpose of making it a part of the records in the case, it is filed. The evidence which is looked to by the court in determining whether the paper has been filed or not is the clerk's indorsement of the fact upon the paper itself."

█ As above indicated, the district clerk certified in the transcript before us that the appeal bond of E. E. Booth was a part of the proceedings in cause No. 1023 of the district court, upon which cause this appeal is predicated. If it was a part of such proceedings, it must certainly have been considered filed by the court and all the parties in the case. The certificate of the clerk is sufficient to show that the bond in question is a part of the records of the district court. The appeal bond from the county court to the district court is in the record on this appeal. There is nothing in this case to show that the jurisdiction of the district court was called in question in that court. In the absence of such question being made in the trial court, the presumption is that that court had jurisdiction. Reeves v. Fuqua (Tex. Civ.App.) 183 S.W. 34.

█ It is an evident fact that the bond was in the district court at the time of the trial of the cause, for the court in his judgment makes an adjudication thereon and stated positively in such judgment, as above indicated, that E. E. Booth had properly appealed from the order of the county court according to law and had given the appeal bond as required by law. If such recital is true, then the court not only had

such bond before him, but said it was a sufficient bond and such a bond as required by law. If the law required the file mark on the bond, the court, in his judgment has precluded the contention that it was not filed. Shiner et al. v. Shiner et al. (Writ Denied) 15 Tex.Civ.App. 666, 40 S. W. 439, 440. Then, too, we think it was incumbent on the plaintiff in error to complain about the absence of such file mark in the district court. Goldstein v. Susholtz et al., supra. In the Shiner v. Shiner Case, above, in which a writ of error was denied by the Supreme Court, the Court of Civil Appeals said:

"It is claimed by appellants that the transcript from the county court shows no appeal bond, and that no such bond was in fact given. The statute does not require the bond to be in the transcript, and we would not look there for it. The original bond or affidavit is required to be filed in the district court, together with the transcript. The case was tried in the district court without question touching the bond, and the point is made in this court for the first time. The judgment refers to an appeal bond, and makes an adjudication thereon. The question of whether or not the failure of the record to disclose the appeal bond would necessitate holding on appeal that the lower court did not have jurisdiction has been considered, and decided against the position taken. Heath v. Garrett, 50 Tex. 264."

Granting no such file mark was on the bond, certainly the court would have ordered the district clerk to put his file mark on the bond if the absence of it had been called to his attention. In Henry v. Bell et al. (Tex.Civ.App.) 48 S.W.(2d) 749, 750, a case similar to the one now before us, this court recently held that where there were no pleadings in the district court except a transcript from the county court, that such pleadings were not insufficient where neither party sought original papers from the county court. Judge Jackson, in rendering the opinion of this court, said:

"It is true that article 3702 now provides that the county clerk shall immediately transmit the original papers of the proceedings in the county court to the clerk of the district court with the appeal bond or affidavit and a certified copy of the decree appealed from. If the original papers were not furnished to the district court, there is no intimation in this record that the appellee was prejudiced thereby. Under the statute existing prior to the enactment of article 3702, the clerk was required to make a transcript of the proceedings and forward to the clerk of the district court, and in our opinion it was the purpose of the Legislature in changing the statute so as to require the original papers to be forwarded to save the time and expense of making a transcript. Either party to this litigation, or the court on its own motion, could have required the county clerk to have performed his duty by forwarding the original papers to the district clerk, and his failure to do so would not, in our opinion, defeat the rights of an appellant. The court erred in holding that the pleadings were insufficient."

From an examination of the proceedings in the trial court from the record before us, we find no error in the proceedings or in the record, and we find no error in the judgment of the trial court.

The judgment of the trial court is affirmed.