**CONSOLIDATED FURNITURE COMPANY,**
Inc., et al., Petitioners,

v.

Marion Lee **KELLY**, Respondent.

No. A–9204.

Supreme Court of Texas.

April 3, 1963.

Rehearing Denied May 8, 1963.

The Kempers, John D. Richardson, Houston, with firm for petitioners.

Richard Powell and Paul Tucker, Houston, for respondent.

STEAKLEY, Justice.

The Court of Civil Appeals dismissed this appeal for want of jurisdiction because Petitioners' appeal bond was filed more than thirty days after Petitioners *original* motion for new trial was overruled by operation of law. The dismissal rested principally on the holding that Petitioners' amended motion for new trial filed July 10, 1961, was, in effect, a nullity because it was not filed "by leave of the court" as provided in Rule 329b, Sec. 2, Texas Rules of Civil Procedure, Vernon's Ann.Civ.St. It was recognized by the Court of Civil Appeals that the appeal bond was timely filed in relation to the time when Petitioners' amended motion for new trial was overruled by operation of law. 358 S.W.2d 956.

Respondent invokes Rule 329b to sustain the dismissal of the appeal by the Court of Civil Appeals on the basis of three contentions: that leave to file the amended motion for new trial was not sought or obtained by Petitioners; that Petitioners did not discharge the duty of presenting the amended motion to the trial court; and that Petitioners altered their motion for new trial after filing by replacing and adding several pages, the effect of which was the filing of a second amended motion for new trial not permitted by the Rule, and, in addition, that the original amended motion was thereby rendered incapable of reconstruction and hence was ineffective to establish the date from

which the amended motion for new trial was overruled by operation of law.

The judgment for Respondents based on the jury verdict was rendered and signed on June 12, 1961. Petitioners filed a motion for new trial on June 20. There appears in the transcript under one blue cover labeled "Defendants' Amended Motion for New Trial," a document of fifteen pages bearing on the blue cover a marked out stamped file mark reading "Filed July 10, 1961 at 4:55 P. M. s/ Jane Whatley, Clerk District Court, Fort Bend Co., Texas," and an additional stamped file mark identical with the other except the time of filing is "at 8:30 P.M.," and which is not marked out. There also appears in handwriting above the two file marks "8:30 P.M. filed—July 10 1961 Jane Whatley, Dist. Clk." The above document does not recite that it was filed by leave of the court and Petitioners do not controvert the fact that leave of the court was not sought or obtained prior to the filing.

■ We approach the problems thus presented in the light of the principles reaffirmed by this Court in Hunt v. Wichita County Water Improvement District No. 2, 147 Tex. 47, 211 S.W.2d 743, "that both the statutes or rules prescribing the steps for appealing and the record before the court will be liberally construed in favor of the right of appeal."

In W. C. Turnbow Petroleum Corp. v. Fulton, 145 Tex. 56, 194 S.W.2d 256, the failure to obtain leave of court to file an amended motion for new trial was held to be an irregularity which was cured by the action of the trial court in entertaining and acting on the amended motion. In the instant case the irregularity was not "cured" since the motion was not entertained or acted on by the trial judge. Assuming at this point that the amended motion for new trial filed on July 10 was otherwise in order as a first amended motion for new trial, the question thus squarely presented is whether an amended motion for new trial carrying the irregularity of not having been filed with leave of court, and not receiving considera-

tion or ruling by the trial judge, is, notwithstanding, a subsisting amended motion subject to the provisions of Rule 329b with respect to its overruling by operation of law; if so, and as correctly stated by the Court of Civil Appeals, we are eliminating the requirement of leave of the court from the rule insofar as noncompliance therewith will result in a fatal jurisdictional infirmity.

■ This we do. The filing of an amended motion for new trial within the time provided by Rule 329b is a matter of right and it would be an abuse of discretion for the court to deny leave for its filing. This Court in Connell v. Chandler, 11 Tex. 249, 253, spoke of an amended pleading filed without leave as being an irregularity but not one "as should deprive a party of his right. It is the right of a party to amend, subject only to the qualification that the amendment be proper and in proper time. The leave of the court is a matter of course. The only object is to give notice of the amendment. Its omission—the frequent result of inadvertence in the preparation of the amendments—should not deprive a party of the benefit of his amendment, unless the omission has been the occasion of surprise or prejudice to the opposite party." There is no claim of surprise or prejudice to the opposite party here in the fact alone that leave of court was not obtained.

■ On the question of presentment, we said in University of Texas v. Morris, Tex., 352 S.W.2d 947, that "the proper meaning of the word 'present' as used in Rule 329b is no more than that the movant must call the motion to the court's attention and ask for a ruling upon the same or face the possibility that the court will not act and allow the motion to be overruled by operation of law." (Emphasis added.) Section 4 of Rule 329b makes provision for the overruling of a motion for new trial by operation of law in the express circumstances that the motion is not presented within thirty days after its filing and the district judge in his discretion refuses to consider the motion. Accordingly, Petitioners'

amended motion for new trial was overruled by operation of law forty-five days after its filing on July 10. This being so, and as recognized by the Court of Civil Appeals, the appeal bond and transcript were filed within the time required by the rules.

■ The final problem is whether the document labeled "Defendant's Amended Motion for New Trial" was an effective and subsisting first amended motion for new trial. We hold that it was.

As noted before, the instrument bears two file marks, one stricken and one clear. Both, however, show a filing on the same date and we do not have the problem of two file marks with one representing a timely filing and the other representing an untimely filing.

The fact or not of a file mark is not conclusive of the question of a filing but only a circumstance in the evidence. There may be a file mark and no filing; there may be no file mark and a filing. Clearly the fact of the two file marks here—one clear and one stricken—does not establish that there were two filings of one instrument or one filing of two instruments. The reasonable construction of the circumstances is that the amended motion was not filed at the time reflected by the stricken file mark. This is in harmony with the concept of filing expressed by this Court in Beal's Adm'r v. Alexander, 6 Tex. 531:

> "In our practice a paper is to be deemed to have been filed only when it shall have been delivered into the custody of the Clerk, to be by him kept among the papers of the cause, subject to the inspection of the parties. If a party causes the Clerk to mark upon a paper, 'filed,' but afterwards withdraws it from the custody of the Clerk, and from the inspection of the opposite party and the Court, the paper will not be considered as having been filed in the contemplation of law. While it is so withdrawn, the fact of its existence need not be noticed by the Court, or the adverse party; and such proceedings

may lawfully be taken, as if, in fact, it had no existence."

The Court in Helge v. Wood, Tex.Civ. App., 65 S.W.2d 352, wr. ref., commented that the above holding has never been questioned in this state, and is in accord with the general rule.

In Maddux v. Booth, Tex.Civ.App., 108 S.W.2d 329, no wr. hist., the Court said:

> "We think the authorities are uniform in holding that the file mark or indorsement on an instrument is merely evidence of its filing, but is not the actual filing of the instrument. The filing is the delivery to the clerk and his acceptance for record in his office."

This Court in Hanover Fire Insurance Co. v. Shrader, 89 Tex. 35, 32 S.W. 72, 33 S.W. 112, 30 L.R.A. 498, cited by the Court in Maddux v. Booth, supra, stated the general rule that a paper is filed when it is deposited with the Clerk of a court for the purpose of making it a part of the records in the case, and gave particular emphasis as a matter of evidence to the acts of the Clerk as shown by his endorsement in determining whether there was a filing on a Sunday or a Monday.

The Arkansas Supreme Court in Buchanan v. Commercial Investment Trust, 177 Ark. 579, 7 S.W.2d 318, sustained the filing of an affidavit and appeal bond for jurisdictional purposes which had no filing endorsement, the Court holding that the act of depositing the documents in the proper office constituted a filing.

It was held by the Supreme Court of New Mexico in Nations v. Lowenstern, 27 N.M. 613, 204 P. 60, that the mere presentation to the Clerk of a mortgage, with an immediate withdrawal without recording, was not a filing even though the file mark of the Clerk was placed on the document.

The judgment of the Court of Civil Appeals dismissing the appeal in this cause is reversed, and the cause is remanded to that Court for consideration of the appeal on its merits.