In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00161-CV


______________________________




MURRELL FOSTER AND CAROLYN FOSTER, 


A MARRIED COUPLE, Appellants



V.



JAMES WILLIAMS AND LARISE WILLIAMS, 


A MARRIED COUPLE; AND JAMES AARON DAVIS, 


AN INDIVIDUAL, Appellees




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 01C1038-202




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Murrell and Carolyn Foster appeal from the dismissal of their lawsuit. The trial court
construed the Fosters' cause of action as an action to quiet title and dismissed the action because the
statute of limitations for that type of claim had expired. 

 The initial question we must answer is whether we have jurisdiction to determine the appeal. 
The judgment was signed on September 12, 2001, and the Fosters filed a request for findings of fact
and conclusions of law on September 17, 2001. They filed a document on December 11, 2001, that
was treated as a notice of appeal. The question is whether the Fosters' notice of appeal is adequate,
and if so, whether it was timely.

 The Fosters filed a docketing statement in this Court rather than a notice of appeal in the trial
court. They contend that the docketing statement filed in this Court suffices for a notice of appeal. 
The docketing statement is required by Tex. R. App. P. 32.1 and is designed to provide this Court
with specific information about an appeal. Appearing below the title of the docketing statement
form is the following language: "This docketing statement must be filed by appellants with the Clerk
of the Sixth Court of Appeals . . . upon perfecting appeal." The form also contains a space for the
appellant to show when the notice of appeal was either filed or mailed to the trial court clerk. 

 We asked the Fosters to address the apparent defect in the perfection of their appeal. They
contend that the docketing statement is sufficient to serve as a notice of appeal because it contains
the essential information required by Tex. R. App. P. 25.1(d). They also suggest that because they
are appealing pro se, they should not be required to strictly follow the procedural rules that persons
represented by attorneys are required to follow. (1)
 That is not the standard for pro se litigants. 
Although we may read the language of pro se documents broadly, we do not otherwise apply lesser
standards for the benefit of pro se litigants. Pro se litigants are held to the same standards as licensed
attorneys, and they must therefore comply with all applicable rules of procedure. Clemens v. Allen,
47 S.W.3d 26, 28 (Tex. App.-Amarillo 2000, no pet.); Chandler v. Chandler, 991 S.W.2d 367, 379
(Tex. App.-El Paso 1999, pet. denied); In re Estate of Dilasky, 972 S.W.2d 763 (Tex. App.-Corpus
Christi 1998, no pet.); Clark v. Yarbrough, 900 S.W.2d 406, 409 (Tex. App.-Texarkana 1995, writ
denied). No allowance is made because a litigant is not an attorney. Weaver v. E-Z Mart Stores,
Inc., 942 S.W.2d 167, 169 (Tex. App.-Texarkana 1997, no writ). If pro se litigants were held to a
lesser standard, they would be given an unfair advantage over litigants represented by counsel.
Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Lin v. Houston Cmty. Coll.
Sys., 948 S.W.2d 328, 336 (Tex. App.-Amarillo 1997, writ denied). 

 The  question  is  whether  we  may  treat  the  docketing  certificate  as a notice of appeal. 
The  two  documents  are  entirely  different.  A  notice  of  appeal  is  filed  with  the trial court
clerk and should identify the court and style of the case, state the date of judgment, state that the
party wishes to appeal, state the court to which the appeal is taken, and state the names of the parties. 
A copy is to be filed with the appellate court. Tex. R. App. P. 25.1.

 The docketing statement is filed with the appellate court, and it is required to contain more
detailed information than a notice of appeal. A docketing statement does not contain language
stating that the party wishes to appeal. Rather, it assumes that the party wishes to appeal, and it
presupposes that a valid notice of appeal has been filed. Its purpose is purely administrative, to
provide the information that allows the appellate court to both properly docket the appeal and
efficiently move it forward through the appellate system. Tex. R. App. P. 32.1.

 The ultimate question, then, is whether a docketing statement may serve as a notice of appeal
and be sufficient to invoke the jurisdiction of the appellate court. This specific question has not been
previously addressed by the Texas courts. The Fosters point out that the docketing statement does
contain some of the essential information required for a notice of appeal. The docketing statement
also makes it clear that the Fosters want to pursue an appeal. The document, however, is not a
notice of appeal, as can readily be seen by the fact that it contains a blank, to be filled in by the party,
designed to provide the appellate court with information about the date on which the notice of appeal
was filed. In this case, that blank does not contain the required information.

 The Texas Supreme Court has held that the Rules of Appellate Procedure should be
interpreted liberally to allow appellate courts to reach the merits of an appeal whenever possible. 
Jones v. Stayman, 747 S.W.2d 369, 370 (Tex. 1987); Consol. Furniture Co. v. Kelly, 366 S.W.2d
922, 923 (Tex. 1963). To further that principle, the court has given appellants broad latitude to
amend their perfecting documents. See, e.g., Maxfield v. Terry, 888 S.W.2d 809, 810-11 (Tex.
1994) (cost bond may be amended by filing an additional bond if the first cost bond was mistakenly
intended to invoke the appellate court's jurisdiction in two different causes); City of San Antonio v.
Rodriguez, 828 S.W.2d 417, 418 (Tex. 1992) (notice of appeal could be amended to show correct
cause number); Woods Exploration & Producing Co. v. Arkla Equip. Co., 528 S.W.2d 568, 570
(Tex. 1975) (clerk's certificate of cash deposit could be amended to show additional parties).

 In Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994), and Grand Prairie Indep. Sch.
Dist. v. S. Parts Imps., Inc., 813 S.W.2d 499, 500 (Tex. 1991), the Texas Supreme Court held that
an appellant could amend an inadequate perfecting instrument by filing a different instrument. In
Grand Prairie, the Court held that an appellant who timely filed a notice of appeal, but who should
have filed an appeal bond, was entitled to amend or refile by filing a cost bond or making a cash
deposit. The common factor linking these cases is that some document was timely filed that could
later be amended.

 In Grand Prairie Indep. Sch. Dist. v. S. Parts Imps., Inc., 813 S.W.2d at 500, the Court said:


 If the appellant timely files a document in a bona fide attempt to invoke the appellate
court's jurisdiction, the court of appeals, on appellant's motion, must allow the
appellant an opportunity to amend or refile the instrument required by law or our
rules to perfect the appeal. 


 In Linwood v. NCNB Tex., 885 S.W.2d 102, the Court followed Grand Prairie in holding that
an appellant who mistakenly filed a notice of appeal and then filed a cost bond fifty-three days after
the judgment was signed, was entitled to appeal. (2) The Court reiterated, "The court of appeals . . . 
has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the
appellate court's jurisdiction." Id. at 103.

 The decisions in both Grand Prairie and Linwood were based in part on former Tex. R. App.
P. 83 (Vernon 1997), which provided that an appeal shall not be dismissed for defects or
irregularities in appellate procedure, either of form or substance, without allowing a reasonable time
to correct or amend the defects or irregularities. Tex. R. App. P. 44.3. Following the Texas Supreme
Court's guidelines, we construe the Fosters' docketing statement as a bona fide attempt to perfect an
appeal.

 Tex. R. App. P. 26 provides that a notice of appeal must be filed within thirty days of the
signing of the judgment unless some document is filed that extends that time period to ninety days. 
In this case, within the requisite time period, the Fosters filed a request for findings of fact and
conclusions of law. 

 The Texas Supreme Court has held that a request for findings of fact and conclusions of law
does not extend the time for perfecting the appeal of a judgment rendered as a matter of law, because
in such a case, the findings and conclusions can have no purpose and should not be requested or
made. The Court said examples of that type of proceeding include cases that are dismissed on the
pleadings and cases where the judgment is rendered without an evidentiary hearing. IKB Indus.
Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 443 (Tex. 1997).

 In this case, the trial court determined from the pleadings, after argument but without hearing
any evidence, that the case should be dismissed. Under the authority of IKB, we hold that the request
for findings of fact and conclusions of law did not extend the appellate timetable. Accordingly, the
time for filing the notice of appeal expired thirty days after the judgment was signed by the trial
judge. Tex. R. App. P. 26.1(a)(4). The docketing statement filed by the Fosters, even if considered
to suffice as a notice of appeal, was not filed until approximately eighty days after the judgment was
signed. It was thus not timely. When a timely notice of appeal is not filed, this Court does not have
jurisdiction to consider the appeal on its merits.

 The appeal is dismissed for want of jurisdiction. 


 William J. Cornelius

 Chief Justice


Date Submitted: May 8, 2002

Date Decided: May 8, 2002


Publish
1. As authority for this position, the Fosters cite an inmate litigation lawsuit decided by the
United States Supreme Court in which the Court stated that it would hold pro se complainants to less
stringent standards than lawyers. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652
(1972). Although, because of their status as prisoners, we review the claims of inmates proceeding
pro se in civil suits with liberality and patience, that practice does not extend beyond that context. 
See $429.30 In United States Currency v. State, 896 S.W.2d 363, 365 (Tex. App.-Houston [1st
Dist.] 1995, no writ).

2. These cases were decided under the former Rules of Appellate Procedure, which required
a cost bond to perfect the appeal rather than the notice of appeal required under the current version
of the rules.



n="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00145-CR

                                                ______________________________

 

 

                                CLEO RUSSELL KAUFMAN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 27th Judicial District Court

                                                               Bell County, Texas

                                                            Trial
Court No. 63507

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Cleo
Russell Kaufman, having been found guilty by a jury for sexual assault and
having been assessed a punishment of nine years imprisonment, has filed this
appeal.[1]

            Kaufmans
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail, examining possible issues which could be raised for
consideration on appeal, but offering explanations why those potential issues
would be unsuccessful.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Kaufman on September 26, 2011,
informing Kaufman of his right to file a response and to access the
record.  Kaufman opted to pursue that
course of action and filed his pro se response December 27, 2011.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            We
have reviewed both the brief filed by Kaufmans counsel and the pro se response
filed by Kaufman.  Kaufman argues that
the evidence is insufficient to support the conviction and that trial counsel
did not provide effective assistance because he did not obtain additional
witnesses to testify about Kaufmans nonviolent nature.  (Counsel called and questioned two witnesses
as to this issue, both of whom testified that Kaufman had the reputation of
being a law-abiding citizen.).  Kaufman
argues that trial counsel should have obtained even more witnesses to testify
that his character traits were not those of a violent person.  See
Stitt v. State, 102 S.W.3d 845, 849 (Tex.
App.Texarkana 2003, pet. refd).  He also complains of a portion of the States
closing arguments wherein the jurors were asked to consider the effect their
decisions would have on the family or friends of the jurors who might have been
subject to similar attacks.  

            Under
Strickland v. Washington, 466 U.S.
668, 687 (1984), the defendant must first prove that counsels representation
fell below an objective standard of reasonableness and also that there is a
reasonable probability that, but for counsels unprofessional errors, the
result of the proceeding would have been different.  Id.  Where an appellate record is silent as to why
trial counsel failed to take certain actions, the appellant has failed to rebut
the presumption that trial counsels decision was in some way reasonable.  See Mata v. State, 226 S.W.3d 425, 431
(Tex. Crim. App. 2007).  The record is
silent on this situation.  Therefore, no
genuinely arguable issue on ineffective assistance has been raised.

            Insofar
as jury argument is concerned, before a defendant will be permitted to complain
on appeal about an erroneous jury argument, he will have to show that he timely
objected and pursued that objection to an adverse ruling.  Mays v. State, 318 S.W.3d 368, 394 n.103 (Tex. Crim. App. 2010).  No objection to the argument of States
counsel was made.  Further, a plea for
law enforcement, such as this, is one of the types of argument that is an appropriate
subject for argument.  See
Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).  

            Kaufman
also states, without supporting argument, that the evidence is insufficient to
have convicted him of the crime with which he was charged.  It is not. 
In evaluating legal sufficiency, we review all the evidence in the light
most favorable to the jurys verdict to determine whether any rational jury
could have found the essential elements of indecency with a child by contact
beyond a reasonable doubt.  Brooks v. State, 323 S.W.3d 893, 912
(Tex. Crim. App. 2010) (citing Jackson v.
Virginia, 443 U.S. 307, 319 (1979)); Hartsfield
v. State, 305 S.W.3d 859, 863 (Tex. App.Texarkana 2010, pet. refd).  We examine
legal sufficiency under the direction of the Brooks opinion, while giving deference to the responsibility of the
jury to fairly resolve conflicts in testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts.  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 31819); Clayton v. State, 235 S.W.3d 772, 779
(Tex. Crim. App. 2007).  In this
analysis, we use a hypothetically-correct jury charge to evaluate both the
legal and factual sufficiency of evidence.  Grotti v.
State, 273 S.W.3d 273 (Tex. Crim. App. 2008).  Such a charge accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the States
burden of proof or unnecessarily restrict the States theories of liability,
and adequately describes the particular offense for which the defendant was
tried.  Villarreal v. State, 286
S.W.3d 321 (Tex. Crim. App. 2009); Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Under the offense for which Kaufman was
charged, it was necessary for the State to prove beyond a reasonable doubt that
(1) Kaufman (2) knowingly or intentionally (3) penetrated the
victims sexual organ or anus by any means (4) without the victims consent.  Tex.
Penal Code Ann. § 22.011(A)(1) (West 2011). 

            The
victim in Kaufmans case testified positively and precisely about the attack
she suffered and the circumstances surrounding the attack.  The jury executed its function, finding her
testimony credible and believable.  Under
this state of the evidence, we have no authority to revisit that
determination.  

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerks
record and the reporters record, and find no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605, 623 (2005).  We, therefore, agree with counsels
assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 82627 (Tex. Crim. App. 2005). 

            We
affirm the judgment of the trial court.[2]

 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January 17, 2012

Date Decided:             January 19, 2012

 

Do Not Publish           

 











[1]Originally appealed to the Third Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Govt Code Ann. § 73.001 (West 2005).  We are unaware of any conflict between precedent
of the Third Court of Appeals and that of this Court on any relevant
issue.  See Tex. R. App. P.
41.3.





[2]Since we agree this case presents no reversible error,
we also, in accordance with Anders,
grant counsels request to withdraw from further representation of appellant in
this case.  No substitute counsel will be
appointed.  Should appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, appellant
must either retain an attorney to file a petition for discretionary review or
appellant must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing or for en banc reconsideration was overruled by
this Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.  See Tex. R. App. P.
68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.